John C. Avery, *et al.*, *Plaintiffs in Error*, v. Dime Lock, *Defendant in Error.*

Every presumption is in favor of a possession in subordination to the title of the true owner, and where a defendant in an ejectment suit relies upon a title by adverse possession, without color of title he must show an actual, continuous and uninterrupted possession, such as the statute requires, for the full statutory period; and when the evidence offered to establish adverse possession is uncertain as to the date when the acts constituting adverse possession were commenced, and does not clearly show that they were commenced a sufficiently long time, before a suit to recover possession is brought by the true owner as to render the bar of the statute complete, the defense of adverse possession can not avail.

This case was decided by Division B.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter,* for plaintiffs in error;

*Sullivan & Sullivan,* for defendant in error.

HOCKER, J.—The plaintiffs in error brought an action of ejectment against the defendant in error in the circuit court of Escambia county for the recovery of four acres of enclosed land occupied by the latter in the w½ of se¼ section 21, township 1, north range 30 west. A plea of not guilty was filed and at the term in December, 1907, a trial was had which resulted in a verdict and judgment for the defendant. The plaintiffs seek to reverse this judgment on writ of error. The plaintiffs show a chain of title from the United States government and intermediate grantors.

The defendant offered and read in evidence a tax deed to A. J. Mackey dated the 14th day of July, 1892, and also a deed by A. J. Mackey and wife to Chas. Krueger, dated 2nd of October, 1895, and also a deed from Krueger and wife to J. T. Harper dated 1st of October, 1898, all said deeds embracing the land in controversy. The defendant by his own testimony and that of Harper shows that he bought the land in dispute from Harper in the year 1900, about eighteen months before Harper undertook to execute a deed of the land to the defendant, but it did not describe the land in dispute, and was not introduced in evidence and only used to fix the date when the land was sold to the defendant. The date of this deed was the 13th of November, 1901. No objection was made by the plaintiffs to the intro-

duction of the tax deed, but they offered in evidence a certified copy of the assessment of the w$\frac{1}{2}$ of se$\frac{1}{4}$ of section 27, township 1 north range 30 west for state and county taxes for 1890. No objection was made by the defendant to the introduction of this certified copy of the assessment roll, and we are not informed by the brief of plaintiff of the purpose of its introduction. The defendant says in his brief that it was introduced to show that the tax deed was void because the assessment does not show whether the township was north or south of the meridian line. The judge in his charge instructed the jury that the tax deed was void, and the defendant if he desired to do so is not in a situation to question the correctness of this charge. The case turned on the question of adverse possession by the defendant, without color of title for seven years.

The judge below charged the jury in substance that to constitute title by adverse possession in the defendant he must show a continuous unbroken open notorious adverse possession under claim of right for the full period of seven years. The plaintiff excepted to this portion of the charge, and insists here that the statute prescribing seven years as giving title by adverse possession, being Chapter 4916 Laws of 1901, has no application to this case, but that under the Constitution, Article 3, §33, it is governed by Chapter 4412 Laws of 1885, prescribing twenty years as the limitation.

Under the circumstances of this case we do not think it necessary to determine this question. There was a motion for a new trial on the ground that the verdict was not supported by, and was contrary to the evidence. This motion was overruled, an exception noted, and the question is presented by the brief of the plaintiff in error.

This court held in the case of Gould v. Carr, 33

Fla. 523, 15 South. Rep. 259, that the possession neces-sary to confer title under an adverse holding must be actual continuous and adverse to the legal title for the statutory period to bar a suit by the owner of the legal title.

In the case of Gilbert v. Southern Land and Tim-ber Company, 53 Fla. 319, 43 South. Rep. 754, we held that every presumption is in favor of a possession in subordination to the title of the true owner and an ad-verse possession as against such owner must be estab-lished by clear and positive proof; and that when the evidence offered to establish adverse possession is un-certain as to the date when the acts constituting adverse possession were commenced and does not clearly show that they were commenced seven years before an action of ejectment by the true owner is brought to recover the land held adversely, a verdict and judgment in fa-vor of the true owner will not be reversed.

The testimony of the defendant, Dime Lock upon the question of adverse possession was in substance as fol-lows:    That he built a fence around a part of the four acres in dispute and a small house inside the fence about the same time; that he lived in the house and cleared and cultivated land inside the fence ever since; that the house was built about eight years ago; that he bought the land from John T. Harper, and built the fence and house and began clearing the land as soon as he bought it; that Harper went on the land embraced in his deed from Krueger with him (Lock) and asked him to look after the land and promised him a piece *which he did;* that he (Lock) had some of the land fenced in before the house was built; that he testified "this morning" in the case of Hyer v. Davis he had been in possession of this land only about six years; that he had thought over the matter since and now says he had been in posses-

sion about eight years; that he has nothing to go by except his recollection—does not remember the time of the year he went there, nor the year; that he received a certain deed from Harper about a year and a half after he built the fence; that he knows of no other circumstance which impresses his mind except that he has a child ten years old ' which was born after he moved on this place.

Mr. J. T. Harper testified for the defendant that he sold Dime Lock the property in dispute and gave him a deed when he had finished paying for it. This deed was not introduced in evidence as it did not describe the land properly, but was used by Mr. Harper to refresh his memory as to its date which was 13th of November, 1901. Mr. Harper testified that he sold the land to Dime Lock about eighteen months prior to the 13th day of November, 1901. He does not think it was more, but just about that length of time—that Dime Lock began building his fence about eighteen months prior to the 13th of November, 1901.

Flem Brooks testified for the defendant that he, Dime Lock, went on the land where he lives now about eight years ago; that he could not give the date, and could not be positive of the exact time he built his fence; that he knows he was there in the year 1900.

E. A. Griffin testified for the defendant, in substance, that he bought ten acres of land for his wife by deed dated 27th of October, 1899, near the land in controversy; that more than six months—perhaps a year or more after he got his deed he moved out there on the land he had bought; that he moved out there and lived about a half mile from the land in dispute; that at that time Dime Lock was building his house and fence where he now lives, and moved in the house when it was ready for him to move in.

Mrs. Daniel Wilkinson testified in behalf of the plaintiff that she lived near the land in dispute until the 16th of July, 1900, when she moved to Pensacola; that when she left Dime Lock lived on the quarter section west of the land in dispute, and that he had not made any improvements on the property in controversy at that time—she is very positive as to these facts.

The suit in the instant case was begun on the 5th of March, 1907, when the summons was issued and served. The testimony of the defendant and his witnesses tends to show that he began his improvements on a part of the four acres sued for about eighteen months prior to the 13th of November, 1901, which would be about the 13th of May, 1900. He appears therefore to lack more than two months of seven years adverse possession when this suit was brought. It is true the defendant says that when he testified (21st December, 1907) he had a child ten years old who was born on this place after he moved there. This would require that he should have been on the property in dispute in December, 1897, or earlier, a year before Chas. Krueger and wife conveyed the land to J. T. Harper, from whom the defendant claims he bought it, after the conveyance to Harper. This part of the defendant's testimony is therefore inconsistent with other undisputed facts, and cannot be accepted as true. Admitting then for the puposes of this case, that the seven years' limitation was applicable the evidence does not clearly and satisfactorily show adverse possession by the defendant for that length of time. Giving the most favorable construction to the testimony of the defendant, it is uncertain as to the date when his adverse possession commenced.

We think the circuit judge erred in overruling the motion for a new trial, and therefore, the judgment below is reversed, and a new trial ordered.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ.. concur in the opinion.