WADE H. McRAINEY, *Appellant,* v. W. D. JARRELL *et al.,* *Appellee.*

1. When a defendant in a suit in equity avails himself of the right and privilege accorded him by Section 1871 of the General Statutes of 1906 of incorporating a demurrer to the entire bill in his answer thereto, whereby he attacks the equity of the bill, such demurrer is not overruled by the answer.

2. When a defendant in a suit in equity incorporates in his answer to the bill a general demurrer, whereby he attacks the equity of the bill, it is only at the final hearing of the cause that such demurrer can be called up for disposition, though it should be called to the attention of the court at that time before the merits are gone into.

This case was decided by Division A.

Appealed from the Circuit Court for Sumter County.

The facts in the case are stated in the opinion of the court.

*H. M. Hampton* and *H. L. Anderson,* for Appellant;

*Hocker & Duval,* for Appellees.

SHACKLEFORD, J.—The appeal entered in this case by reason of a defective certificate to the transcript was dismissed. 59 Fla., 585, 51 South. Rep. ... A motion for reinstatement of the same on the docket of this court was made, in accordance with the provisions of Chapter 5898 of the Laws of Florida, (1909, p. 45), which was granted.

Two points are presented by the assignment of errors for our determination, both of which involve the proper construction of Section 1871 of the General Statutes of 1906, which is as follows:

"1871. (1419). May be incorporated in the answer.— The defendant may in all cases, instead of filing a formal plea or demurrer, insist on any special matter in his

answer, and have the same benefit thereof as if he had pleaded the same matter or had demurred to the bill."

The defendants filed an answer to the bill of complaint and incorporated a demurrer therein, in which they attacked the equity of the bill. The complainant filed a motion to overrule the demurrer on the ground that it was a general demurrer going to the whole bill, in consequence such demurrer was waived or overruled by the filing of the answer. The motion also sought, in the event the court refused to overrule the demurrer, permission to have the same argued and disposed of prior to the final hearing. The court overruled both grounds of the motion, and upon this ruling all the assignments of error are predicated.

We are of the opinion that the ruling of the trial court was entirely proper. See Budd v. Gamble, 13 Fla. 265, and Hollingsworth v. Handcock, 7 Fla., 338, and the authorities cited therein, especially Maux v. Anthony, 6 Eng. (11 Ark.) 411, and 1 Daniell Ch. Pl. & Pr. (6th ed.) star page 715; So. L. I. & T. Co. v. Lanier, 5 Fla., 110; 58 Am. Dec., 448; Alden v. Penney, 12 Fla., 348, 378. Also see 6 Ency. of Pl. & Pr. 415, 416, and authorities cited in notes. While the demurrer so incorporated in the answer is postponed to the final hearing, it must be called up for disposition at that time before the merits are gone into. Further discussion seems unnecessary. The interlocutory order appealed from must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.