JENNIE L. HEAD *et al., Appellants,* v. THOMAS P. LIGHT-FOOT, *Appellee.*

1.  The statute authorizes the practice of incorporating a demurrer in an answer in chancery; and the filing of a demurrer to the equities of the bill on a separate paper but along with an answer does not overrule the answer.

2.  Where an answer in equity states a defense a refusal to allow some of the defendants to sign the answer on file that had been signed by only one defendant may be prejudical to the defendants and require a reversal of the decree.

This case was decided by Division A.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*C. C. Morgan* and *W. H. Ellis,* for Appellants;

*Wall & McKay,* for Appellee.

PER CURIAM.—The appellee filed a bill in equity against Jennie L. Head and Robert S. Head, her husband, and Addie Saxelby and Joseph G. Saxelby, her husband, in the Circuit Court for Hillsborough County to quiet title to described lands of which it is in substance alleged that the complainant is seized and possessed in .fee simple and is in actual, open and notorious possession of; that the defendants Jennie L. Head and Addie Saxelby are the only heirs of William Ledwitch, deceased, and that they joined by their husbands, are claiming or asserting some right, claim or interest in said land or some part of it as heirs of William Ledwitch, and that the exact nature of such claim is unknown to complainant, but it is invalid. A demurrer and answer were filed signed by counsel and by Robert S. Head, one of the defendants. A replication to the answer was filed June 25, 1910. On motion the demurrer was stricken on July 6, 1910, because the answer was filed with it, upon the theory that the answer overruled the demurrer. On July 7, 1910, on application of complainant's counsel the court after denying a motion for leave to sign the answer entered a decree *pro confesso* against Jennie L. Head, Addie Saxelby and Joseph G. Saxelby who had not signed the answer, and after reciting that the answer. filed by Robert S. Head and the bill of complaint had been examined the court held "that the said answer fails to set up any defense to

the bill of complaint, and that the attempted justification of the claims of the defendants as set forth in the said answer is insufficient, and that proof of same would not avail the said defendants as a defense to said bill," and on motion of complainant the court decreed that the claims of the defendants to described lands are null and void, and enjoined the defendants from asserting any claim thereto, and quieted the title in the complainant. On appeal it is argued that the court erred in striking the demurrer and in the final decree.

Section 1871 of the General Statutes authorizes the practice of incorporating a demurrer in an answer in chancery; and the filing of a demurrer to the equities of the bill on a separate paper but along with an answer does not have the effect of overruling the answer. Such a result would be inconsistent with the purpose of the statute. Striking the demurrer was not authorized by our rules of procedure. See McRainey v. Jarrell, 59 Fla., 587, 52 South. Rep. 10.

The complainant filed a replication to the answer signed by counsel and by the defendant Robert S. Head only. While the discretion of the court denying a motion for leave to the other defendants to sign the answer may not have been abused, yet unless the answer as filed fails wholly to present a defense, the final decree irregularly entered after replication filed and before testimony taken is prejudicial to the defendants. Answer under oath was waived in the bill of complaint, and the answer signed only by one of the defendants in effect denies the title and possession of the complainant, and avers that the two female defendants inherited the lands from their father who purchased it at an execution sale based on a judgment obtained in the Circuit Court for Monroe County and recorded in Hillsborough County where the land is;

that one Dean undertook to purchase the land from defendants, but defendants did not convey it to him or to any one else; but said Dean and others conveyed the land to complainant well knowing they had no right to do so. Other matters of more or less relevancy appear in the answer.

It cannot be said that the answer wholly fails to show any defense, and in view of the entire record it seems equitable that the defendants should be given a reasonable opportunity to assert their defense in an appropriate manner in order that the whole case may be developed on its merits.

The decree is reversed and the cause remanded for further proceedings.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.