THOMAS P. LIGHTFOOT, *Appellant*, v. JENNIE L. HEAD *et al., Appellees.*

1. Actual adverse possession for less than one year is no bar to a claim under a tax title.

2. Actual possession under a deed conveying one acre of a forty is not constructive possession of the whole forty, though

the deed purports to make the grantee an agent to hold the forty adversely.

3. A grantee in possession under a deed for one acre of a forty, does not acquire possession of the rest of the forty by merely using some of the dead wood thereon and putting up signs, as against one who fences the entire forty and cultivates a part of it.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Wall & McKay,* for Appellant;

*C. C. Morgan,* for Appellees.

Cockrell, J.—This is an appeal from a decree dismissing a bill filed to quit title to a forty acre subdivision in Hillsborough County. A brief statement of the pleadings may be found in the opinion on a former appeal, 61 Fla. 608, 54 South. Rep. 898.

Until within a year of the filing of the bill the land was unoccupied, but about nine months before the beginning of this suit, both parties attempted to get possession. Complainant's title may be said to rest upon a tax deed issued in 1902, while the defendants claim as heirs of a purchaser under a sheriff's deed, dated May 6, 1878. No attack is made against the tax deed, except a reference to the statute of limitations, and this applies only in case the land is in *actual adverse* possession for one year. Gen. Stats. Sec. 591.

We take it then that the only defense remaining is the

assertion that the defendants at the time the bill was filed, were in such occupancy as to drive the complainant to his action in ejectment. We are of the opinion that this defense is clearly overthrown by the testimony; at least as to thirty-nine acres.

For the defense it appears that in May, 1909, they conveyed to one G. W. Emerson by unilateral deed one acre in the southwest corner of the Forty; the deed containing also the following unusual provision: "It being hereby understood and agreed that party of the second part as agent for the party of the first part is to hold possession of the above described Forty (40) acre lot for the purpose of keeping off trespassers and others wrongfully entering upon said lands without authority of party of the first part, said agency to continue at the will of the party of the first part hereto."

Upon receipt of this deed Emerson fenced in the one acre and used it as a pasture. About the same time Lightfoot fenced in the balance of the forty and planted a crop of potatoes, all without serious molestation, Emerson agreeing to give up the one acre should Lightfoot recover the other thirty-nine. Emerson at times but without the knowledge of Lightfoot used some of the dead wood on the thirty-nine acres for fuel, and the attorney in fact for the defendants placed some no trespass signs on the trees thereon.

Had Emerson occupied but one acre under a deed calling for forty acres a different case might be presented, but it would seem clear that through his occupancy of the one acre called for by his deed, his grantor's possession is not enlarged, and neither his acts nor his grantor's constitute actual adverse holding. See Wilson v. Jernigan, 57 Fla. 279, 49 South. Rep. 44; Hyer v. Griffin,

55 Fla. 560, 46 South. Rep. 635; Avery v. Lock, 55 Fla. 612, 46 South. Rep. 844.

To the contrary, we have the holder of the real title in actual possession by fencing in the property, planting it with crops and using it as pasturage without molestation, and the complainant was therefore entitled to his decree for quit enjoyment of his thirty-nine acres so held.

Decree reversed.

WHITFIELD, C. J., AND SHACKLEFORD AND HOCKER, J. J., concur.

TAYLOR, J., absent on account of illness.