OKEECHOBEE COMPANY, for the Use and Benefit of C. M. HIGHSMITH, Plaintiff in Error, v. NATHAN NORTON, *et al.*, Defendants in Error.

199 So. 319
En Banc
Opinion Filed December 20, 1940

418

*Davis, Davis & McClure* and *R. E. Hamrick,* for Plaintiff in Error;

*G. C. Durrance,* for Defendants in Error.

BUFORD, J.—Writ of error brings for review judgment in favor of defendants in a suit in ejectment.

Plaintiff proved the paramount record title while defendants relied upon adverse possession for a period of seven (7) years, basing their claim of adverse possession on possession under color of title in them and their predecessors in title from the 2nd day of August, 1932, to the institution of the suit on to-wit, the 3rd day of April, 1939, and tacking such possession to that claimed by the original grantee in such color of title who was theretofore in possession of some part of the described land without color of title.

So it was that adverse possession was claimed under the provisions of Section 2935 R. G. S., 4655 C. G. L., from and after the 2nd day of August, 1932, and prior to that time under the provisions of Section 2936 R. G. S., 4656 C. G. L.

Section 4655, *supra,* provides:

"Adverse Possession Under Color of Title.—1. Continued occupation for Seven Years Required. Whenever it shall appear that the occupant, or those under whom he claims, entered into possession of premises under the claim of title exclusive of any other right, founding such claim

upon a written instrument as being a conveyance of the premises in question, or upon the decree or judgment of a competent court, and that there has been a continued occupation and possession of the premises included in such instrument, decree or judgment for seven years, the premises so included shall be deemed to have been held adversely; except that where the premises so included consist of a tract divided into lots, the possession of one lot shall not be deemed a possession of any other lot of the same tract."

Section 4656, *supra,* provides:

"Adverse Possession Without Color of Title.—To Be Land in Actual Occupation Only.—Where it shall appear that there has been an actual continued occupation for seven years of premises under a claim of title exclusive of any other right, but not founded upon a written instrument, or a judgment or decree, the premises so actually occupied, and no other, shall be deemed to have been held adversely."

It is well settled that one relying on the title by adverse possession has the burden of proving the essential facts necessary to establish such title as against the legal title of the true owner. Douglas v. Aldridge, 90 Fla. 51, 105 Sou. 145; Wilkins v. Pensacola City Co., 36 Fla. 36, 18 Sou. 20; Horton v. Smith-Richardson Investment Co., 81 Fla. 255, 87 Sou. 905. See Seaboard Air Line R. Co. v. Board, 91 Fla. 612, 108 Sou. 689, 46 A. L. R. 870; Adams v. Fryer, 59 Fla. 112, 52 Sou. 611; Berry v. Perdido Realty Co., 84 Fla. 134, 93 Sou. 171; Avery v. Lock, 55 Fla. 612, 46 Sou. 844.

Under the statute, 4656 C. G. L., the claimant under adverse possession can avail himself of that only as to the real estate actually occupied by the claimant or his predecessor.

The record in this case fails to establish the identity of

that part of the real estate involved which was in the actual possession of the original grantee in defendants' chain of title at the date of and prior to the execution of such original muniment of title and as that muniment of title was executed within seven years prior to the institution of the suit, the defense of adverse possession of the premises for a period of seven years prior to the institution of the suit fails.

The record is also vague, indefinite and uncertain as to defendants' adverse possession of each and every parcel of the lands described in the declaration under color of title. This is necessary to be shown because under the provisions of Section 4655 C. G. L. it is required that where the premises included in the deed or document relied upon as color of title consists of a tract divided into lots the possession of one lot shall not be deemed a possession of any other lot of the same tract.

Having reached this conclusion, it is not necessary for us to discuss other questions presented.

The judgment must be reversed and the cause remanded for a new trial.

It is so ordered.

Reversed and remanded for new trial.

TERRELL, C. J., WHITFIELD and BROWN, J. J., concur.

CHAPMAN and THOMAS, J. J., dissent.

ADAMS, J., disqualified.