### HORATIO LITTLE, et al.. v. ED KENDRICK

12 So. (2nd) 899            January Term, 1943
April 9, 1943                   Division A

*W. E. Smith,* for appellants.
*Lanas Troxler,* for appellee.

ADAMS, J.:

We have for review a judgment for the defendant in ejectment.

Defendant claimed title to 147 acres of land by adverse possession without color of title. He went into possession as a tenant of the rightful owner and so remained until the owner's death in 1926. Thereafter defendant maintained an inclosure about a portion (the amount and description is not identified) of the land. The heirs of the landlord are plaintiffs here.

Defendant farmed portions of the land and cut wood and posts from the unfenced woodland. He maintained a barn with an inclosure about it; he suffered, without protest, plaintiffs removal of the building occupied by the owner after his death. He never offered to pay rent to plaintiffs although none was demanded. Neither did he make known to plaintiffs that he was no longer a tenant or that he was claiming to own the property until about a year before this suit when he began the erection of a dwelling house on the property whereupon the question of title arose.

Two questions are submitted. First, whether it was necessary for defendant to show compliance with Section 95.18, Florida Statutes of 1941, by returning the property for taxation. The lower court held the statute inapplicable to this case because whatever rights defendant had to the property were vested before the act became effective. In this ruling there was no error.

The second question relates to the sufficiency of the evidence regarding adverse possession to sustain a verdict. The law is that a tenant may become an adverse holder against his landlord without surrendering his possession yet in such case it is incumbent on the claimant to show his disavowal of the landlord's title by clear, positive and unequivocal evidence. It is not enough for him to simply remain in possession and exercise all the rights of an apparent owner, for the law presumes that once a man goes into possession as a tenant the relationship continues until the contrary is made to appear. 1 Am. Jur. page 807 et seq. One claiming title by adverse possession without color of title can recover only that part actually occupied. If the portion actually occupied is not definitely described, no judgment can be entered on the claim. Okeechobee Co. v. Norton, et al., 145 Fla. 417, 199 So. 319.

Testing the defendant's claim by this law it is apparent he must fail. His evidence is insufficient to sustain his claim. Furthermore, he admits that a portion of the property was not inclosed, neither was the uninclosed portion usually cultivated or improved. Therefore he failed to meet the requirements of Section 95.17, Florida Statutes, 1941. The part

actually inclosed is not sufficiently described to sustain a judgment even if the evidence were sufficient to prove an adverse holding.

The judgment is reversed.

BUFORD, C. J., and TERRELL, J., concur.

CHAPMAN, J., concurs specially.

CHAPMAN, J., concurring specially:

On June 17, 1889, the Federal Government patented to Charles H. Little one hundred and forty-seven acres of land located in Marion County, Florida. The patentee built a home, cleared a considerable portion of the tract, where he resided for years and raised several children. The children, except one, left the community in which the homestead was situated prior to the patentee's death in 1926, which occurred at the home of his son about one mile from the homestead.

Charles H. Little conveyed one acre of land, adjacent to but of a different tract, to Ed Kendrick, who built a home thereon and moved his family but cultivated annually as a tenant of Charles H. Little a portion of the tract here involved. He continued to cultivate the land, or portions thereof after the death of Little. Shortly prior to the institution of the suit at bar, the defendant below undertook to build or construct a home on the described tract, when protests occurred terminating in the institution of the present suit.

The heirs of Charles H. Little, in the course of the trial, introduced into evidence the aforesaid patent and established the heirs of Charles H. Little. The defendant below, under a plea of not guilty, introduced testimony to show that he had been in possession of the property for a period of seven years and under appropriate instructions by the trial court the jury rendered a verdict for the defendant below. A motion for a new trial raised the question of the legal sufficiency of the evidence to sustain the verdict, which was denied and a judgment entered thereon for the defendant below.

I have diligently studied the record and fail to find evidence to support the verdict. It was the legal duty of Ed. Kendrick, as the admitted tenant of Charles H. Little, by act

or deed to disavow, disclaim and positively repudiate the relation of landlord and tenant under which he enjoyed the possession of said land which continued after the death of the owner. The law requires an act or deed made clear by positive disavowal and disclaimer of the relation of landlord and tenant, thereby placing the landlord or his heirs on notice that such relationship no longer existed, and when given, as stated *supra*, adverse possession recognized by the statutes begins. See Wilkins v. Pensacola City Co., 36 Fla. 36, 18 So. 20, 26; Armstrong v. Wilcox, 57 Fla. 30, 49 So. 41, 131 Am. St. Rep. 1080; Chicago Trust Co., v. Knabb, 142 Fla. 767, 196 So. 200-204; Kilvert v. Clark, 152 Fla. 795, 10 So. (2nd) 795.

Counsel for appellee points out that one of the heirs lived in the community where the homestead was located and the possession of the defendant below was open, adverse, visible, hostile, and so notorious as to legally impute notice or knowledge of his right to an heir of Charles H. Little. It was the legal duty by act or deed on the part of defendant below by clear and positive action to disavow and repudiate the relation of landlord and tenant under which he entered the possession of the property and bring this fact to the knowledge of the heirs before the statute of adverse possession begins to run against the heirs and this is not shown by the testimony. It is my view that the motion for a new trial should have for this reason been sustained. I therefore agree to the conclusion expressed in the opinion prepared by Mr. Justice Adams.