ALLEN, Chief Judge.
The plaintiffs below appeal from a final'' decree establishing good title by adverse possession to so much of Fahkahatchee Island as is contained within the legal description set forth in a deed dated February-15, 1918, from McCloud, et ux, to J. P. Daniels, but denying with prejudice plaintiffs’ claim to the rest of said Fahkahatchee Island and quieting and confirming the title-to the balance of said lands in the defendant, below, Alico Land Development Company.
The judge below ordered and decreed as-follows:
“1. Any and all claim of Defendant to-the real property described hereinafter is-hereby cancelled, and title to said real' property is hereby quieted and confirmed in the name of Plaintiffs herein:
So much of the following described' parcel as is situated on the Island of Fahkahatchee, State of Florida: The-northwest quarter of the southwest quarter of Section 11, Township 53' South, Range 28 East, LESS a strip-running north and south 140 yards wide on the west side; ALSO the southwest quarter of the southwest quarter of *541 Section 11, Township 53 South, Range 28 East, lying in Collier County.
“2. The claim of Plaintiffs to the rest of the land constituting Fahkahatchee Island is hereby dismissed with prejudice, and title to said land is hereby quieted and confirmed in Defendant, ALICO LAND DEVELOPMENT COMPANY.”
This litigation involves an island in the Ten Thousand Island group west of Everglades City known as Fahkahatchee Island. The total area of the island is approximately between 130 and 140 acres. It appears from defendant’s Exhibit 12 that there are some 11.7 acres of sharp shell ridges included in the island, approximately 67 acres of land that could be cultivated with some yield and some 55 acres of mangrove swamp with water ranging in and out at various parts of the low lying island.
The surveying problems inherent in this suit were substantial. The township of which the island is located was patented out of the United States as an unsurveyed township so that no U. S. Government surveyor had ever run the section lines dividing the interior of the township. After the plaintiffs had filed their first complaint the parties stipulated that the plaintiffs would file a new complaint setting forth a claim of title by adverse possession without color of title to the entire island.
Plaintiffs filed a second amended complaint. Defendants answered, alleged its record title to the entire island, denied the claim of adverse possession, and set up several affirmative defenses. The defendant, in effect, stated that the plaintiffs might prevail in their claim relating to that portion lying in Section 11. By stipulation prior to trial, the parties agreed: that plaintiffs were claiming title by adverse possession without color of title to the entire island, but that the 1918 deed to their ancestor Daniels would be admitted into evidence as bearing upon the extent of plaintiffs’ adverse possession; that Fahkahatchee Island is situated entirely within Sections 10, 11 and 15 of Township 53 South, Range 28 East [these first two stipulations made it unnecessary for plaintiffs to obtain a survey of the island]; and further stipulated:
“ * * * Should the Court find that Plaintiffs or their predecessors have perfected title by adverse possession only to so much of the island as is described in the foregoing deed, or that Plaintiffs for any other reason are only entitled to relief herein as to said part of the island, the line between Sections 10 and 11 shall be located and established jointly by Surveyors Carl E. Johnson and W. R. Wilson and the cost of said survey shall be taxed proportionately against the land recovered herein by the parties on an acreage basis.”
The chancellor heard the testimony of numerous witnesses and admitted into evidence quite a large number of exhibits and the deposition of one member of the Daniels family who had died prior to trial. The appellants state this point on appeal:
“Whether the trial court erred in entering its final decree dated August 12, 1965, dismissing plaintiffs’ claim to a portion of Fahkahatchee Island not contained within the description in the deed introduced into evidence as plaintiffs’ Exhibit 1.”
No appeal or cross-assignment was taken by the appellee to the lower court’s decree since the court quieted title in them as to the property on said island not quieted in the appellants. The plaintiffs below, appellants here, were faced with several difficult problems in a suit of this kind. For instance, in their contentions that they were entitled to all of the island, there existed during the period of claimed adverse possession an operating public school on the island. Secondly, several other settlers lived on the island during the period of time involved; and even though the appellants presented a witness that said their ancestor purchased each of these other settlers rights when they left, apparently *542 there were no deeds or other relevant evidence existing as to these purchases or as to how much of the property these other settlers claimed or owned or the description of same. There was testimony by the appellants of the running of livestock about the island, construction of a dock and residence and the maintenance of a cemetery, and also about residences of other families on the island. There was testimony that Mary Ann Daniels, widow of “Phin” Daniels, returned only the parcel described in the 1918 deed for taxation in 1956. She obtained homestead exemption for the parcel described in the deed beginning in 1956; but the rest of the island had never been assessed on the tax rolls in the name of the Daniels family.
A good deal of the testimony on the part of the Daniels family conflicted on how much property they claimed. Doris Hen-dry recalled having said on deposition that they were claiming two-thirds of the island. Another of the family said they were claiming the lands described in their father’s deed; still another family witness said he didn’t know what they were claiming. The only legal description given was that described in the 1918 deed to J. P. Daniels. The plaintiffs’ claim of adverse possession dated back to 1918. The governing statute at that time was Section 1722, General Statutes, 1906, which provided:
“1722. (1291) Adverse possession without color of title.—
“1. To Be Land in Actual Occupation Only. — Where it shall appear that there has been an actual continued occupation for seven years of premises under a claim of title exclusive of any other right,' but not founded upon a written instrument, or a judgment or decree, the premises so actually occupied, and no other, shall be deemed to have been held adversely.
“2. Definition of Occupation and Possession Required. — For the purpose of constituting an adverse possession by a person claiming title not founded upon a written instrument, judgment or decree, land shall be deemed to have been possessed and occupied in the following cases only: 1. Where it has been protected by substantial enclosure; or, 2., where it has been usually cultivated or improved.”
The “color of title” statute is not controlling in this case because the plaintiffs did not rely upon the 1918 deed as constituting color of title. The “wild” deed was admitted into evidence as having some bearing upon the extent of plaintiffs’ possession.
The Florida Supreme Court in Okeechobee Co. for Use and Benefit of Highsmith v. Norton, 1940, 145 Fla. 417, 199 So. 319, and Little v. Kendrick, 1943, 152 Fla. 720, 12 So.2d 899, in effect held that the claimant under adverse possession can avail himself of that right only as to the real estate actually occupied by the claimant or his predecessors. If the portion actually occupied is not definitely described, no judgment can be entered on the claim.
The able chancellor held that the plaintiffs below were limited to the deed description for there was no other legal description in the case.
We have read the briefs of the parties, the testimony in the case, and studied the exhibits. We here conclude that the chancellor gave the plaintiffs, appellants here, all the property that he legally could under the circumstances.
Affirmed.
SHANNON, J., and DRIVER, B. J., Associate Judge, concur.