BOYER, Chief Judge
(dissenting).
I respectfully dissent.
From a final judgment determining that appellee (plaintiff in the trial court) had established title by adverse possession to a triangular parcel of property in Nassau County, Florida, this appeal was taken.[1]
Government Lot 1 and Government Lot 2 are adjacent to one another and both are located in Section 32, Township 1 South, Range 23 East, in Nassau County, Florida. Lot 1 is in the northeasterly corner of said Section 32. It is bounded on the west by the easterly boundary of Lot 2. However, Lot 2 is much larger than, and has a longer north-sound boundary than, Lot 1. Lot 1 is owned by appellee Mabel Lane. Although the record is not clear as to how much of Lot 2 is owned by appellant Hin-son Boyd or David Hunt, it is apparent that they, or one of them, claim to be the record owners of the easterly portion thereof, being the only part material to this controversy.
*326 The plaintiff’s Third Amended Complaint alleged plaintiff to be in actual possession of a portion of Lot 2, described by metes and bounds (but not by monuments) and further alleged that such possession has ripened into ownership by reason of adverse possession. In order to sustain the Third Amended Complaint as stating a cause of action the trial judge ruled (the plaintiff acquiescing) that inasmuch as plaintiff claimed no record title and had not paid the requisite taxes on the subject property prior to delinquency, it was necessary that the plaintiff’s possession have ripened into title prior to June 5, 1939, the effective date of F.S. 95.18 and F.S. 95.19.[2]
It is readily apparent that in order for adverse possession without color of title to ripen into title under the applicable statutes the evidence must establish (1) actual continued occupation (2) for seven years (3) of premises (4) under a claim of title exclusive of any other right. Further, the premises actually occupied, and no other, is deemed to have been held adversely.
The law applicable to acquisition of title by adverse possession is thoroughly discussed in this Court’s opinion in Orange Blossom Hills, Inc. v. Kearsley, Fla.App. 1st 1974, 299 So.2d 75, and no useful purpose will be served by repetition here. Also often stated are the principles of law requiring that a presumption of correctness be accorded the actions of a trial judge, particularly when sitting as a trier of the facts, and recognizing his exclusive prerogative to weigh the evidence and judge the credibility of witnesses. The findings of a trial judge may not be disturbed on appeal if supported in the record by any credible evidence. However, a trial judge, like a jury, is prohibited from speculation and conjecture and his findings must have some basis in the record.[3]
Appellant first urges that the evidence does not sustain the finding that appellee went into possession prior to June 5, 1932. (Seven years prior to the effective date of F.S. 95.18 and F.S. 95.19) Although the evidence is conflicting and contradictory a review of the record reveals sufficient evidence, which the trial judge apparently believed, to sustain such a finding.
The record does not, however, reveal that the plaintiff’s possession was in fact adverse. On the contrary, the plaintiff herself testified that although she and her husband (now deceased) when into possession of Lot 1 and the property in dispute (which was apparently thought and considered to be a part of Lot 1) in 1931 or 1932 they went into possession pursuant to a “bargain” to purchase the property from relatives of plaintiff’s husband and it wasn’t until 1939 that such agreement was consummated and a deed executed.[4] In the meantime the plaintiff and her husband were claiming as tenants in common with his several siblings and not adversely to them and there is no evidence that those *327 siblings were claiming the subject property adversely to the record owner.
Finally, the evidence is deficient in describing “the premises so actually occupied”.[5] As above mentioned, the property claimed by the plaintiff is specifically described in her Third Amended Complaint by a metes and bounds description containing no monument references. Although a map of a survey prepared by a registered land surveyor was introduced into evidence which revealed a triangular parcel of property in Government Lot 2 adjacent to Government Lot 1, the surveyor, called as a witness by plaintiff, testified that there were discrepancies between the legal description contained in the Third Amended Complaint and that of the triangular parcel as revealed by the survey, and none of the witnesses who testified could definitely establish any of the corners or lines appearing on the survey as being the boundaries of the property claimed to have been adversely possessed by the plaintiff. I am not unmindful that numerous lay witnesses, including the plaintiff herself, attempted to identify the boundaries of the plaintiff’s allegedly claimed property as having been established by an old rail fence which burned in 1931 and was thereafter partially replaced by a wire fence. However, none of those witnesses could state with any degree of accuracy the location of the rail fence or the wire fence which replaced it in relation to either the survey in evidence or the description contained in the Third Amended Complaint. I do not contend that a precise survey description reduced to degrees, minutes and seconds is a necessary requisite to establishing boundaries for the purpose of adverse possession, nor do I urge testimony of lay witnesses to be insufficient for such purposes. However, the evidence, whether adduced from layman or expert, must establish ascertainable boundaries by reference to either a metes and bounds legal description or ascertainable objects, monuments or boundaries so that the extent of the claimed property may be determined. Notwithstanding the recitation in the majority opinion that “the fence line which bound the property for five decades was ascertainable at the time of trial” a reading of the entire record in this case reveals no such evidence. Not one single witness identified the property bounded by the fence as being the property described in the Third Amended Complaint nor as the property ultimately described in the final judgment here appealed. The record reveals that appellee claimed a triangular parcel of property somewhere which at one time had been bounded by a rail fence a portion of which rail fence was replaced by a wire fence after the rail fence burned: But there is no evidence identifying such triangular parcel of property as being that awarded to appellee by the able and learned trial judge.
I would reverse.

. The identity of the record title owner is neither alleged nor proved. The Third Amended Complaint names David Hunt and Hinson Boyd as defendants and alleges that Boyd “claims and asserts an interest therein adverse to the Plaintiff.” There is no further mention of Hunt. The Record-on-Appeal contains no answer by Hunt, but the Answer of Boyd recites “This Defendant admits that he claims title to a portion of the land that the Plaintiff attempts to describe in * * * said Third Amended Complaint, * * The briefs, too, are silent on the point. However, upon being asked by her attorney: “This piece of property, as I understand, is in dispute between you and Mr. Hunt and Mr. Boyd?” The plaintiff responded “Tes sir.” The Notice of Appeal, though the style contains the name David Hunt, purports to be by Hinson Boyd only.

.Prior to June 5, 1939, the governing law applicable to adverse possession without color of title was Section 1722, Chapter 26, General Statutes, 1906, which provided in material part as follows:
“Adverse possession without color of title.— 1. To be Land in Actual Occupation Only.— Where it shall appear that there has been an actual continued occupation for seven years of premises under a claim of title exclusive of any other right, but not founded upon a written instrument or a judgment or decree, the premises so actually occupied, and no other, shall be deemed to have been held adversely.”
Paragraph 2 defined the “Occupation and Possession Required” as being:
“2. Definition of Occupation and Possession Required. — For the purpose of constituting an adverse possession by a person claiming title or decree, land shall be deemed to have been possessed and occupied in the following cases only: 1. Where it has been protected by a substantial enclosure ; or, 2, where it has been usually cultivated or improved.”

. Snedaker v. Snedaker, Fla.App.1st 1976, 327 So.2d 72.

. The deed did not describe the subject property and was not recorded until March of 1940.

. Section 1722, Chapter 26, General Statutes, supra. See also Okeechobee Co. for the use and benefit of Highsmith v. Norton, 145 Fla. 417, 199 So. 319; J. C. Vereen & Sons v. Houser, 123 Fla. 641, 167 So. 45 and Orange Blossom Hills, Inc. v. Kearsley, supra.