OKEECHOBEE COMPANY, a Florida corporation, and C. M. HIGHSMITH, for the use and benefit of R. E. HAMRICK, and his wife, ANNIE B. HAMRICK, v. NATHAN NORTON, and N. N. NORTON.

6 So. (2nd) 632                                    Special Division A
March 6, 1942

E. B. Donnell and R. E. Hamrick, for petitioners.

G. C. Durrance, for respondents.

CHAPMAN, J.:

This case is before the Court on petition for a common law writ of certiorari to review an order denying a motion for a judgment *non obstante veredicto* entered by the Circuit Court of Okeechobee County, Florida. The case comes here for the second time. See Okeechobee Company v. Norton, 145 Fla. 419, 199 So. 319.

On April 3, 1939, plaintiffs below, petitioners here, instituted an ejectment suit for the purpose of recovering title to certain real estate described in the amended declaration, consisting of 88.09 acres situated in Okeechobee County, Florida. Plaintiffs, in conformity with common law rule No. 85, filed with the amended declaration a bill of particulars setting forth a chronological chain of title upon which it intended to rely at the trial of the case. It is viz.:

"The chain through which the plaintiff claims title to the land described in the above declaration is as follows:

"1. Patent from United States of America to the State of Florida under Act of Congress of September 28, 1850.

"2. The Trustees of Internal Improvement Fund of the State of Florida to Wisner Land Company, a Florida corporation, by State deed No. 16,115 dated December 19, 1907, and recorded September 24, 1917, in Deed Book 1 page 10 in the Circuit Clerk's office of Okeechobee County, Florida.

"3. Wisner Land Company, a Florida corporation, to Consolidated Lands Co., a Florida Corporation, under warranty deed dated April 23, 1912, and recorded in Deed Book 1 page 20 on September 24, 1917 in the Circuit Clerk's office of Okeechobee County, Florida.

"4. Consolidated Land Company, a Florida corporation, to Okeechobee Company, a Florida corporation, under warranty deed dated September 15, 1923 recorded October 10, 1923 in Deed Book 4, page 414 in the Circuit Clerk's office of Okeechobee County, Florida.

"5. The Trustees of the Internal Improvement Fund of the State of Florida to the Okeechobee Company, a Florida corporation, by State deed No. 17,338, dated October 15th, 1925, and recorded November 7th, 1925 in Deed Book 14, page 211 in the Circuit Clerk's office of Okeechobee County, Florida.

"6. Under Sheriff's deeds from Claude Simmons, as Sheriff of Okeechobee County, Florida, to C. M. Highsmith, dated March 1st, 1937 and recorded March

1st, 1937 in Deed Book 32 page 296, and under Sheriff's deed from Eugenia Simmons as Sheriff of Okeechobee County, Florida, to C. M. Highsmith, dated the 6th day of June, 1938 and recorded in deed Book 34 at page 543 on the 20th day of June, 1938, both in the Circuit Clerk's office of Okeechobee County, Florida, which said Sheriff's deed are based on an execution issued out of the Circuit Court of the 21st Judicial Circuit of Florida in and for Okeechobee County, Florida, under date of March 13th, 1932 and which said execution is based on final judgment in favor of C. M. Highsmith against Okeechobee Company, a Florida corporation, dated March 1st, 1930 and recorded March 1st, 1930 in Judgment Book 2 page 432 in the Circuit Clerk's office of Okeechobee County, Florida."

The defendants filed amended pleas to the amended declaration and attached a bill of particulars in conformity with Common Law Rule No. 85, and the same viz.:

"Come now the defendants, by their attorney and, by leave of the Court, file their amended plea in the above styled cause, and thereupon say:

"1.   They are not guilty.

"2.   The defendants deny that they are now or were at the institution of this suit, in possession of the lands sued for.

"3.   And for a third plea to the declaration filed herein, the defendant, Nathan Norton, claims title by adverse possession, under color of title, to the following described lands, namely:

"That part of Lots 3, 4, 6, 7 and 8 of Block 6 of Consolidated Land Company's Farm Tracts, in Section 10, Township 37 South, Range 36 East, according to

Plat Book 1, page 5, Okeechobee County, Florida, lying between the Hancock Meander Line and the Florida East Coast Railway Right-of-Way, as shown by the plat of the Consolidated Land Company's Farm Tracts hereinbefore set out, and described in the declaration filed herein.

"G. C. Durrance

"Attorney for Defendants.

"(Sworn to by Mr. Durrance on September 17, 1941.)

"Bill of Particulars

"The title upon which the defendants rely consists of the following deeds:

"Deed from B. A. Adkins, unmarried, executed on the second day of August, A. D. 1932, to E. L. Tillman, which said deed is recorded in Deed Book 17, page 592, Public Records of Okeechobee County, Florida.

"Deed from E. L. Tillman and wife, executed August 16, 1934, to W. M. Norton and N. N. Norton, which said deed is recorded in Deed Book 36, page 27, Public Records of Okeechobee County, Florida."

The issues of fact were submitted to a jury and at the conclusion of the taking of the testimony and prior to argument of counsel and the instruction by the Court to the jury on the law of the case, counsel for plaintiffs below moved the Court for an order directing the jury to find a verdict for the plaintiffs on the ground that the plaintiffs had established a clear and complete record of title from the United States Government down to the plaintiffs; and on the further ground that the defendants had failed to support their

plea of title by adverse possession under color of title; and on the further ground that these questions had been adjudicated by this Court in the case of Okeechobee Company v. Norton, *supra;* and on the additional ground that the defendants' testimony failed to show an open, adverse, notorious and continuous possession under color of title for the seven year period.

The motion for a directed verdict in behalf of the plaintiffs was overruled by the trial court and the issues of fact were submitted to the jury under appropriate instructions. The jury returned a verdict for the defendants below. Pertinent and material charges as given are viz.:

"Gentlemen, the Court instructs you that in every action for the recovery of real property or for the possession thereof, the person establishing a legal title to the premises shall be presumed to have been possessed thereof within the time prescribed by law; and the occupation of such premises by any other person shall be deemed to have been under and in subordination to the legal title, unless it appears that such premises have been held and possessed adversely to such legal title for seven years before the commencement of such action. In this case, the action was commenced on April 3, 1939.

"Gentlemen, the defense of adverse possession without color of title is not involved in this suit. As heretofore stated, the defendant, Nathan Norton, claims adverse possession under color of title; the Court, therefore, charges you that whenever it shall appear that the occupant, or those under whom he claims, entered into possession of the premises under the claim of title, exclusive of any other right, finding such claim upon a written instrument as being a conveyance of

the premises in question, or upon the decree or judgment of a competent court, and that there has been a continued occupation and possession of the premises included in such instrument, decree, or judgment for seven years, the premises so included shall be deemed to have been held adversely; except that where the premises so included consist of a tract divided into lots, the possession of one lot shall not be deemed a possession of any other lot of the same tract. . . .

"Gentlemen, the Court further charges you that in computing the period of time of seven years' claim of adverse possession under color of title, you should consider the period of time of the defendant Nathan Norton's actual possession, together with that of his predecessors in title, and, in order for you to tack or add the possession of one to the other, you must be satisfied that there was a privity of contract between the predecessors in title, and that the possession of the purchaser and his predecessors in title, all taken together, form a period of seven years or longer, prior to the filing of this suit.

"Gentlemen, the Court further instructs you that one relying upon title by adverse possession has the burden of proving all of the essential facts necessary to establish such title, as against the legal title of the true owner. Such proof, to be effectual, must show a continuous, unbroken, open, notorious, actual and adverse possession under the claim of right of color of title for the full statutory period of seven years.

"The Court further instructs you that the rule that adverse possession, once shown, is presumed to continue until the contrary appears does not obtain under the laws in the State of Florida. One claiming by adverse possession must show a continuous, unbroken,

open, notorious, actual, and adverse possession under the claim of right or color of title for the full statutory period of seven years."

Counsel for plaintiffs below filed a motion for a new trial and for judgment *non obstante veredicto*. The motion for a new trial was granted, while the motion for a judgment *non obstante veredicto* was denied. The testimony adduced at the trial, together with all Exhibits admitted into evidence, and a certified copy of the transcript, are before the Court and made a part of petition for a common law writ of certiorari to review the order denying the motion for a judgment *non obstante veredicto*. It is asserted that the issues have been submitted to two juries in Okeechobee County and that there is in the record no testimony which can or may support a verdict and judgment for the defendants below, and that the granting of the new trial precludes plaintiffs below from obtaining a review of the testimony and proceedings in the lower court by writ of error and that the only available remedy for a review in this Court by the plaintiffs below is on petition for writ of certiorari.

The evidence adduced by the defendants failed to sustain their pleas. While there is some evidence to show an open, adverse, notorious and continuous possession under color of title of the lands, it falls short of the seven years' period required by the statute. (Sec. 4655, C.G.L.) The deed under which defendants relied on for color of title was dated August 2, 1932, and suit was filed on April 3, 1939. The seven year adverse possession prescribed by the statute under color of title was interrupted by the filing of the suit at bar. The testimony shows that the respondents lacked the intervening time from April 3, 1939, to

August 2, 1939, to make the seven years required by law. It is clear on the record that the plaintiff moved the trial court for a directed verdict and had been duly considered by the Court when the charges, *supra,* were given to the jury. Where the manifest weight and probative force of the evidence clearly requires a verdict for one party and the evidence is legally insufficient to support a verdict for the opposite party in the particular issue within the meaning of the statute, the trial court will not be held in error for directing an appropriate verdict, no error of law or procedure intervening to make the directed verdict erroneous or improper. See Carter v. Florida Power & Light Co., 138 Fla. 220, 189 So. 705. The conclusion is irresistible that the verdict of the jury was against the manifest weight and probative force of the evidence and contrary to the charges of the court, *supra,* upon the law of the case. The trial court by an appropriate order set aside the verdict and granted plaintiffs a new trial, but denied the motion for a judgment *non obstante veredicto.*

It is well settled that a judgment non obstante veredicto can be granted only for matters and things appearing on the face of the pleadings and never on the evidence. See Talley v. McCain, 128 Fla. 418, 174 So. 841; Heuacker v. Farrelly, 129 Fla. 239, 176 So. 98, Dudley v. Harrison, McCready & Co., 127 Fla. 687, 173 So. 820. The bill of particulars filed under Common Law Rule No. 85 discloses that the defendants claimed title under a deed from A. B. Adkins to E. L. Tillman dated August 2, 1932, and from Tillman to W. M. and N. N. Norton dated August 16, 1934. Plea number three asserted title by adverse possession under color of title to the lands described in the plea.

The ejectment suit was filed April 3, 1939, and on the face of the pleading it appears that the defendants had not been in possession of the land for a period of seven years as required by the statute. The sufficiency of the respondents' pleas was not tested as provided for by Rule No. 85. We have no authority to direct the entry of judgment *non obstante veredicto* on the evidence. See Heuacker v. Farrelly and Talley v. McCain, *supra*.

The petition for a common law writ of certiorari is hereby denied.

BROWN, C. J., WHITFIELD and BUFORD, JJ., concur.