**EDWARD TOLLIVER v. SCOTT M. LOFTIN, et al.**

21 So. (2nd) 359
March 9, 1945

January Term, 1945
En Banc

*Roger E. Davis, Perry A. Nichols, Herschel E. Smith* and *Nichols & Smith,* for appellant.

*Russell L. Frink, Loftin, Anderson, Scott, McCarthy & Preston* and *John H. Wahl, Jr.,* for appellees.

PER CURIAM:

Twice during the trial of the suit for personal injuries—at the close of appellant's testimony and at the end of all the testimony—the defenants moved for an instructed verdict. The judge denied both motions. The jury returned a verdict for the plaintiff, and judgment was entered accordingly. The defendants then filed a motion for a new trial, and the judge, after considering it, but without making any ruling upon it, entered a contrary judgment—for the defendants. His action was in effect, and resembled somewhat, a judgment notwithstanding the verdict, but cannot be upheld as such because a motion for a judgment non obstante veredicto is available only to a plaintiff and should be made before the entry of judgment; also it must be based on matters appearing on the face of the record, an essential element not present here because the trial judge obviously based his conclusion on the testimony.

All members of the court agree that the judgment should be reversed. Mr. Chief Justice CHAPMAN and Mr. Justice BUFORD are of the opinion that the trial court should be

directed to reinstate the first judgment. It is the view of the majority of the court that the trial judge should be directed to rule on the motion for a new trial. Although the trial judge twice overruled motions for a directed verdict he ultimately concluded, as is apparent from his opinion in the case and his entry of the last judgment, that the plaintiff should not have prevailed on the evidence. This indicates that he would not allow the first judgment to stand when tested by the motion for new trial. A majority of the court are reluctant to circumscribe the discretion that a trial court may exercise in granting a motion for a new trial. If he is directed, in this case, to reinstate the first judgment he will not be given the opportunity of ruling on the motion despite his attitude, clearly reflected in the record, that he considers the verdict unjust.

It is, therefore, the order that the last judgment entered be set aside with directions to determine the motion for new trial.

Reversed.

CHAPMAN, C. J., TERRELL, BROWN, BUFORD, THOMAS and SEBRING, JJ., concur.

ADAMS, J., concurs specially.

ADAMS, J., concurring specially:

The writer is of the opinion that the effect of the action of the trial court was to grant the motion for a new trial. The order says that defendant's motion should be granted. The verdict for plaintiff was actually set aside. The propriety of this action has been presented here by both parties in assignments of error and cross assignments of error. Both parties have been fully heard orally and by brief.

We have ample authority and it is our duty to give judgment according to law. Section 59.34, F.FS. '41, F.S.A., provides:

"It shall be the duty of the court on an appeal or writ of error to examine the record, to reverse or affirm the judgment, sentence or decree of the court below, or to give such judgment, sentence or decree as the court below should have given, or as to it may appear according to law."

If we should conclude now that the plaintiff had no case to submit to a jury and that recovery could not be sustained we could end the litigation, or we could affirm the order appealed from insofar as it held the motion for a new trial was good and order a new trial. This would do no violence to the principle of having a judicial review of the verdict by the trial judge because he has already clearly stated his disapproval of the verdict. On the other hand, if we should conclude that the verdict should be upheld we could direct the entry of judgment thereon.

No system of laws for the administration of justice can be self-executing. Failure to give full and liberal application to this statute places the courts again on the negative and invites more laws and rules with attendant confusion. Courts cannot be militant in the sense of gathering litigation for disposition but when the litigants squarely present the controversy we should zealously assume the responsibility placed on us by law and public policy. For these reasons I concur in the judgment of reversal only and make no comment on the merits because it might prejudice a retrial of the case in the lower court.