202 So.2d 4 (1967)
Maurice SODIKOFF and Goldie Golob Sodikoff, His Wife, D/B/a Superman's Super Motor Sales, Appellants,
v.
ALLEN PARKER COMPANY, a Corporation, Appellee.
No. 66-755.
District Court of Appeal of Florida, Third District.
July 18, 1967.
Rehearing Denied September 8, 1967.
*5 Fuller Warren and Verne L. Freeland, Miami, for appellants.
Dubbin, Schiff, Berkman & Dubbin, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
The appellants were the plaintiffs in the circuit court where they brought a suit in in equity for an accounting and other relief. The cause was assigned to the division of the Honorable Pat Cannon, who heard all motions and conducted all proceedings, through and including three days of trial. The chancellor, at the conclusion of the trial, directed respective counsel to file written closing arguments and submit copies of proposed final decrees. The chancellor died in office prior to the date scheduled for submission of the written closing arguments and proposed final decrees. The parties stipulated: "That the Honorable Raymond G. Nathan, circuit judge and successor to the Honorable Pat Cannon, circuit judge, deceased, may continue to hear this case and enter a final decree on the basis of the record which was pending before Judge Cannon before his death." The successor chancellor found: (1) that the three-year statute of limitation applied, and that plaintiffs did not bring their suit within three years after they discovered or could have discovered the alleged fraud; (2) that a general release which had been executed by appellants was a bar to the claim of appellants; (3) that inasmuch as the cause of action was predicated upon fraud, it was the burden of the appellants to prove their case by clear and convincing evidence, and that they had failed to do so. This appeal is from that decree.
The appellants present four points:
"I. Did the successor chancellor misapprehend the nature of the proceedings and governing principles and maxims of equity in entering a final judgment at law in an equity accounting action?
"II. Where affirmative defenses of bar and estoppel by statute of limitations, laches, and release, had been twice raised, heard and rejected by the chancellor who proceeded in the equity action through full trial on the merits and died in office before entering final decree, may his successor, upon the completed and unchanged record, overrule and reverse such rulings by applying such affirmative defenses in entry of final judgment dismissing the action?
"III. Did the successor chancellor misapprehend the evidence in denying recovery where the manifest weight of the evidence established a minimum indebtedness of defendant to plaintiffs in the sum of $100,000.00?
"IV. Do the facts and circumstances apparent [on] the face of the record on *6 this appeal reflect a substantial departure from the essential requirements of law and a resulting injustice to the litigant plaintiffs?"
The gist of appellants' argument under their point I is that the chancellor must have misapprehended the nature of the proceedings because the decree appealed was erroneously labelled "final judgment" and in the style of the cause preceding the final decree, the cause was erroneously styled "at law". In addition, it is alleged that the chancellor misconceived the nature of the proceedings when he applied a statute of limitation rather than the equitable doctrine of laches. We believe that an examination of the final decree[1] effectively refutes appellants' inferences from the terminology employed. The decree is a well written and lengthy discussion of the case, containing the court's findings of fact and his conclusions therefrom. It evidences an earnest effort to comply with the difficult task which had been imposed upon the successor chancellor by the stipulation of the parties.
It has often been stated that there are no magic words in the practice of law under the Florida Rules of Civil Procedure. See Florida Civil Practice Before Trial, Pleadings § 12.16; Chasin v. Richey, Fla. 1957, 91 So.2d 811. A pleading will be considered what it is in substance, even though mislabelled. Therefore, the use of the words "final judgment" and "at law" do not indicate a misapprehension by the chancellor of the principles of equity involved in his decision.
An action for accounting was formerly cognizable, both at law and in equity. Campbell v. Knight, 92 Fla. 246, 109 So. 577 (1926). The basis for the equity jurisdiction in accounting matters was the complexity of the issues and the fact that there were often numerous issues which made the use of a common law jury impracticable. See Jurisdictional Prerequisites for an Equitable Accounting, 6 U.Fla.L.Rev. 232. The statute of limitations is applicable to the individual allegations for an accounting. See Stringer v. Dortch, 136 Fla. 567, 188 So. 590 (1939); H.K.L. Realty Corporation v. Kirtley, Fla. 1954, 74 So.2d 876; Wall v. Johnson, Fla. 1955, 78 So.2d 371. It therefore was proper for the trial judge to use terminology relative to the statute and to test the appellants' cause of action by this standard.
Appellants' second point quoted above raises essentially the question of the power of a successor chancellor to decide the cause upon the basis of the defenses tendered. Appellants rely upon the rule stated in Groover v. Walker, Fla. 1956, 88 So.2d 312. See also Lawyers Co-operative Pub. Co. v. Williams, 149 Fla. 390, 5 So.2d 871 (1942); and Olin's Inc. v. Rader, Fla.App. 1964, 161 So.2d 711. The rule cited, which is to the effect that a successor judge may not review, modify or reverse upon the merits on the same facts the final orders of his predecessor, is not applicable here.
It is immediately apparent that no final order was entered by the predecessor. A brief review of the history of the case is necessary in the discussion of this point. Prior to the filing of the answer to the complaint, the appellants, as plaintiffs, moved for "entry of an interlocutory decree that plaintiffs are entitled to an accounting and ordering defendant to render detailed accounting." Upon the basis of this motion, the court entered an interlocutory order in which it appointed an auditor to examine defendant's books and an auditor to examine plaintiffs' books and directed the parties to submit to said examination. An answer was thereafter filed by the defendants in which the affirmative defenses mentioned were set forth. After the filing of the answer, the defendants moved for a summary decree. After hearing, *7 the court denied defendants' motion for summary final decree.
On the basis of this situation, it is urged by appellants that the original chancellor twice passed upon the sufficiency of the affirmative defenses and found that they were inadequate. It should be noted that the defenses were not stricken by order nor was their sufficiency attacked. The interlocutory order directing that the parties submit to an examination of their books and papers, although entitled "interlocutory decree", cannot be interpreted as a final order by the court that the affirmative defenses would not be further considered upon their merits. There is no language to this effect in the order. The defenses had not yet been filed but it is obvious that the chancellor expected these defenses to be filed since they were included in appellee's answer to the motion for entry of interlocutory decree. We are reinforced in our conclusion on this point by the fact that extensive evidence upon these defenses was taken at the trial of the cause. Even if the issues had not existed, the parties tried the issues of the affirmative defenses at the trial which took place after the entry of the interlocutory decree.
Appellants' point urging that in denying defendant's motion for summary final decree, the original chancellor passed upon the merits of the affirmative defenses is also untenable. The basis for the denial of a motion for summary decree is clearly whether there is a genuine issue of material fact on any of the defenses, not the ultimate merit of these defenses.
Appellants' third point is directed to the manifest weight of the evidence. We find that the chancellor has adequately discussed the weight of the evidence in his final decree. We respectfully adopt the following portions thereof:
"The evidence offered by the Plaintiffs in support of their claim was mainly based upon a summary introduced through their witness COLLINS. This witness testified that he had taken all of the transactions between the parties, as reflected by the books and records of the Defendant, and has computed the reserve, to which the Plaintiffs were entitled, to be 20% of each of such accounts. COLLINS and the Plaintiff, MAURICE SODIKOFF, testified that Plaintiffs were entitled to 20% since that was the `going rate.' The Defendant offered testimony to the effect that the reserve rates were much lower than 20%. In rebuttal, the Plaintiffs introduced several witnesses who also testified that the going rate for reserves was much lower than 20%.
"The cause of action of the Plaintiffs is predicated on fraud and it was the burden of the Plaintiffs to prove their case by clear and convincing evidence. The Plaintiffs own testimony was not clear as to his transactions with Defendant. The state of confusion created by conflict between the plaintiffs' own witnesses as to the percentage factor to be applied in computing reserve accounts, was neither clear nor convincing, since a doubt is left from all the testimony as to just what was the proper percentage factor."
The chancellor's conclusion, that the plaintiff had not adequately established his cause of action, is supported by the record.
Appellant's fourth point is a recapitulation of the arguments advanced under points I, II and III, and we think that it fails to present reversible error.
The decree of the chancellor rests upon three separate grounds as was set out above. We have not discussed the issue of the general release. A review of the record demonstrates that the chancellor's finding "There is no evidence in this record which would constitute a basis for setting aside the effect of the release" is fully substantiated by the record before us. The release is in good form and presumptively *8 correct. In the absence of any evidence as to its illegality, it in itself was a sufficient basis for the decision of the chancellor.
Affirmed.
NOTES
[1] The final decree was entered June 28, 1966, prior to the effective date of Fla.R.C.P., 1967 Revision, 30 F.S.A.