PER CURIAM.
Plaintiffs appeal from a final judgment, after a jury verdict, for the defendants in a negligence case.
Appellants argue, in their brief, eight separate points for reversal on this appeal.
In point one plaintiffs seek reversal because the trial court struck their “motion for judgment notwithstanding the verdict or in the alternative, motion for new trial.” This motion was served on the defendants thirteen days after the verdict was rendered.
R.C.P. 1.530(b), 31 F.S.A., provides:
“Time for Motion. A motion for a new trial or for rehearing shall be served not later than ten days after the rendition of verdict or the entry of judgment. * * * ”
The trial court was, therefore, correct in striking a motion for new trial which was untimely filed. See Kippy Corporation v. Colburn, Fla.1965, 177 So.2d 193; Miami Transit Company v. Ford, Fla.1963, 155 So.2d 360; R.C.P. 1.090(b), 30 F.S.A.
It has been held that a motion for judgment n. o. v. should be made before the entry of the final judgment. Tolliver v. Loftin, 155 Fla. 698, 21 So.2d 359 (1945).
Assuming arguendo, the propriety of a combined motion for judgment n. o. v. and a motion for new trial[1] (a matter not argued by the parties) and that the motion for judgment n. o. v. was filed timely, we have considered the motion and find that it was insufficient.[2] It was, therefore, properly stricken as it attempted to test the sufficiency of the evidence [3] and to reach errors relating to the exclusion or admission of evidence.[4]
We have considered the other points for reversal argued by plaintiff and find that they are generally without merit and *272 we will not discuss them in detail, except to say that the aggregate charges given by the trial judge appear to be complete and correct and that they fairly presented the law to the jury. See Southeastern General Corporation v. Gorff, Fla.App.1966, 186 So.2d 273; Sinclair Refining Co. v. Butler, Fla.App.1965, 172 So.2d 499; Florida East Coast Railway Company v. Lawler, Fla.App.1963, 151 So.2d 852.
We also find no error, under the facts involved herein, in the refusal of the trial judge to give an instruction on the doctrine of last clear chance. See Bethel Apostolic Temple v. Wiggen, Fla.1967, 200 So.2d 797, and Morse Auto Rentals, Inc. v. Kravitz, Fla.1967, 197 So.2d 817.
The judgment herein appealed is, therefore,
Affirmed.

. R.C.P. 1.470(c); Stupp v. Cone Brothers Contracting Company, Fla.App.1961, 135 So.2d 457; Wigginton, New Florida Common Law Rules, 3 U.Fla.L.Rev. 1.29 (1950).

. Smith v. Peninsular Insurance Company, Fla.App.1966, 181 So.2d 212.

. Okeechobee Co., for Use and Benefit of Hamrick v. Norton, 149 Fla. 651, 6 So.2d 632 (1942).

. Mills v. State, 58 Fla. 74, 51 So. 278 (1910).