McCAIN, Judge.
The defendant corporation appeals from an order granting a new trial after the jury had favored it with a verdict.
The verdict was rendered on January 22, 1968. Plaintiff filed a motion for new trial on February 5, 1968. Defendant then moved to strike same as untimely, but the court disagreed and entered its order granting a new trial, stating “* * * the defendant contends that the motion was not timely filed; however, it may be filed within ten days after the verdict, or after Final Judgment, and Final Judgment has not been entered herein.” Among other issues defendant questions the propriety of such an order on an untimely motion.
*802 R.C.P. 1.530(b), 31 F.S.A., then in force, provided in part:
“Time for Motion. A motion for a new trial or for rehearing shall be served not later than 10 days after the rendition of verdict or the entry of judgment * (Emphasis added.)
The emphasized portions of the rule relate to each other with the critical ten-day period for filing a motion for new trial in a jury case commencing upon rendition of the verdict.[1] A motion for new trial is distinguishable from a motion for rehearing with the latter applicable where judgment has been entered in a non jury action.
This view is supported by other provisions of R.C.P. 1.530 wherein the paragraph preceding the one in question reads in part as follows:
“(a) Jury and Non-Jury Actions. A new trial may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of matters heard without a jury * *
Moreover, earlier[2] and later[3] provisions of this rule recognize the distinction between jury and non jury actions.
 Moving to the question of the effect of an untimely motion for new trial, we conclude in such instance that the trial court has no choice but to deny it. The court cannot hear and pass on a reason for a new trial which is not filed within the time specified.[4] It should be treated as nothing more than what it actually is — an untimely motion subject to be stricken or denied. Therefore, in this cause the trial court erred in favorably considering the motion for new trial filed fourteen days after rendition of the jury verdict.
In light of the conclusions set forth above, we do not deem it necessary to consider the remaining points on appeal raised by defendant.
Accordingly the order granting a new trial is reversed and the cause is remanded for reinstatement of the jury verdict and entry of judgment thereon.
Reversed and remanded.
WALDEN, C. J., and OWEN, J., concur.

. Potetti v. Ben Lil, Inc., Fla.App.1968, 213 So.2d 270.

. R.C.P. 2.8(b), 1962, reads: “(b) Time for Motion. A motion for a new trial, or a motion for rehearing in matters heard without a jury or rehearing of any motion for judgment provided for by these rules, shall be served not later than 10 days after the rendition of verdict or the entry of a summary judgment.”

. R.C.P. 1.530(b), Oct. 1, 1968, reads: “(b) Time for Motion. A motion for a new trial or for rehearing shall be served not later than 10 days after the rendition of verdict in a jury action or the entry of judgment in a non-jury action.”

. R.C.P. 1.090(b).