221 So.2d 797 (1969)
Carmen Hurtado DE MENDOZA, Appellant,
v.
BOARD OF COUNTY COMMISSIONERS d/b/a Metropolitan Dade County Transit Authority, Appellee.
No. 68-866.
District Court of Appeal of Florida. Third District.
April 22, 1969.
*798 McCullough & Engel, Miami, and David Jack Palgon, Miami Springs, for appellant.
Mitchell J. Lipcon, John E. Finney, and Sam Daniels, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and SWANN, JJ.
PEARSON, Judge.
Carmen Hurtado De Mendoza instituted a personal injury action against the Board of County Commissioners of Dade County. On July 16, 1968, a jury found for her and assessed her damages at $5,000. On July 22 the court entered judgment for $5,000 and costs in her favor. On July 24 defendant-appellee filed a pleading titled "Motion Notwithstanding The Verdict" in which appellee moved the court to enter judgment in its favor notwithstanding the verdict "on the ground that there is no competent evidence to support the verdict for the plaintiff." On August 2, 1968, the court entered an order setting aside the verdict and entering judgment for the appellee on the ground "that there was no competent evidence to support the verdict for the plaintiff." This appeal is from that final order. We affirm.
Appellant's main point on this appeal is that because appellee's motion was labelled "Motion Notwithstanding The Verdict", it was equivalent to the common-law motion of non obstante veredicto; and therefore it could not be used to question the sufficiency of the evidence to support the verdict. See Okeechobee Co., for Use and Benefit of Homrick v. Norton, 149 Fla. 651, 6 So.2d 632 (1942); Tolliver v. Loftin, 155 Fla. 698, 21 So.2d 359 (1945).
Appellee had moved for a directed verdict at the conclusion of all of the evidence upon the ground that the plaintiff's evidence had not shown any negligence towards her. Thereafter the Motion Notwithstanding The Verdict was made within ten days of the rendition of the verdict. The title of appellee's motion should have been "Motion For Judgment In Accordance With Motion For Directed Verdict" or something similar. See Rule 1.480, Florida *799 Rules of Civil Procedure, 30 F.S.A.[1] It will be observed from a reading of the rule cited that there is no provision for a motion for judgment non obstante veredicto. Nor is there a provision for a motion "notwithstanding verdict".[2] The question thus presented is whether by granting relief in accordance with the substance of appellee's motion rather than denying the appellee relief because the motion was improperly titled the trial court committed reversible error.
This court has held that "[a] pleading will be considered what it is in substance, even though mislabelled." Sodikoff v. Allen Parker Company, Fla.App. 1967, 202 So.2d 4. See also Hough v. Menses, Fla. 1957, 95 So.2d 410, 412; Florida Fuel Oil v. Springs Villas, Fla. 1957, 95 So.2d 581, 582; and the last sentence of Rule 1.110(g), Florida Rules of Civil Procedure, 30 F.S.A. 72. We therefore hold that the trial court did not commit reversible error. Courts should look to the substance of a motion and not the title alone. The fact that the mislabelling was not harmful error in this case is further substantiated by the fact that the motion was based on only one ground, a lack of competent evidence. Therefore the appellant was not prejudiced or misled by the title of the motion.
Appellant's remaining point urges that in view of the rule that a court should not substitute its opinion for that of the jury, the motion should not have been granted upon the facts of this case. The only negligence which appellant charged is that appellee's bus driver started out too quickly after she, a passenger, alighted from the rear door of appellee's bus. Since there was undisputed evidence that the appellant herself operated the door and that the bus could not start until she had allowed the door to close, we conclude that the evidence was insufficient to establish that the bus driver was negligent. A plaintiff must prove each essential element of his claim in order to be entitled to a verdict. In this case appellant failed to prove that she was a paying passenger or that appellee's bus driver was guilty of negligence.
Affirmed.
NOTES
[1] Motion For a Directed Verdict.

(a) Effect. A party who moves for a directed verdict at the close of the evidence offered by the adverse party may offer evidence in the event the motion is denied without having reserved the right to do so and to the same extent as if the motion had not been made. The denial of a motion for a directed verdict shall not operate to discharge the jury. A motion for a directed verdict shall state the specific grounds therefor. The order directing a verdict is effective without any assent of the jury.
(b) Reservation of Decision on Motion. When a motion for a directed verdict made at the close of all of the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within ten days after the reception of a verdict a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict or if a verdict was not returned, such party may move for judgment in accordance with the motion for a directed verdict within ten days after the jury has been discharged.
(c) Joined with Motion for New Trial. A motion for a new trial may be joined with this motion or a new trial may be requested in the alternative. If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned, the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial.
[2] But see Rule 1.470(c), Florida Rules of Civil Procedure.