331 So.2d 375 (1976)
Renate HALL and State Farm Fire and Casualty Company, an Illinois Corporation, Appellants,
v.
Maria RICARDO, a Minor, by and through Her Father and Next Friend, Jose Ricardo, and Jose Ricardo, Individually, Appellees.
No. 75-1046.
District Court of Appeal of Florida, Third District.
May 4, 1976.
Walton, Lantaff, Schroeder, Carson & Wahl and David K. Tharp, Miami, for appellants.
Ser & Keyfetz, Freidin & Goldfarb, Miami, for appellees.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
This is an appeal by the defendants, dog owner Renate Hall and her insurer, State Farm Fire and Casualty Company, from an order granting the motion of the plaintiffs for judgment notwithstanding the verdict and an order to proceed to trial on the issue of damages only, following a verdict for the defendants in a dog bite case.
*376 In this appeal we are called upon to make a determination as to the propriety of the judgment notwithstanding the verdict. At the outset, we note that under the present practice in Florida there is no motion for a judgment notwithstanding the verdict. This situation is governed by Rule 1.480, RCP, under which the proper title for the motion is "Motion For Judgment In Accordance With Motion For Directed Verdict." DeMendoza v. Board of County Commissioners, Fla.App. 1969, 221 So.2d 797. Mislabeling, however, does not constitute error where the substance of the motion is in accordance with the rules. DeMendoza, supra. On the authority of McCabe v. Watson, Fla.App. 1969, 225 So.2d 346, we will treat the judgment notwithstanding the verdict in the instant case as a judgment in accordance with motion for directed verdict. Such a judgment, in substance and practical effect, is tantamount to a deferred ruling on a motion for directed verdict. Smith v. Peninsular Insurance Company, Fla.App. 1966, 181 So.2d 212; McCabe v. Watson, supra; Whitman v. Red Top Sedan Service, Inc., Fla.App. 1969, 218 So.2d 213; Cheek v. Long, Fla. App. 1970, 235 So.2d 349.
Having carefully reviewed the record, we find that the plaintiffs failed to move for a directed verdict at the close of all of the evidence. It was improper for the trial court to grant the motion for judgment notwithstanding the verdict since there was no motion for directed verdict on which ruling was deferred.
Therefore, the judgment notwithstanding the verdict and the order of trial on the issue of damages are reversed and the cause is remanded to the trial court with directions to reinstate both the verdict and the judgment which was entered on the verdict.
Reversed and remanded with directions.