# CONTINENTAL CONSTRUCTION v. COX & PALMER CONSTRUCTION
## Case No. 83-250-AP and 83-249-AP
Eleventh Judicial Circuit, Appellate Division, Dade County
January 24, 1984

Michael H. Wolf, for appellant.

Oakley Gentry, Jr., for appellee.

Before RIVKIND, SCOTT and KAYE, JJ.

SCOTT, Judge

Appellant, Plaintiff below, seeks review of an order granting a new trial which set aside a County Court judgment. Although not raised by the parties, our independent review of records reveals that the final judgment was signed May 11, 1983, filed May 11, 1983 and recorded May 16, 1983. The motion for new trial was served by mail on May 23, 1983 and filed of record on May 31, 1983.

Summary Procedure Rule 7.180 states in relevant part:

> A motion for new trial *shall be filed* not later than ten days after rendition of the judgment. (emphasis supplied)

No matter how one calculates the time, it is clear that the motion for new trial was not timely. Therefore, the lower Court had not authority to consider the motion. "The Court cannot hear and pass on a reason for new trial which is not filed within the time specified. It should be treated as nothing more than what it actually is — an untimely motion subject to be stricken or denied." *Bescan Enterprises, Inc. v. Rotenberger*, 221 So.2d 801, 802 (Fla. 4th DCA 1969); and, Cf., *Potelli v. Ben Lil, Inc.*, 213 So.2d 270 (Fla. 3rd DCA 1968). In this case, the Court erred in favorably considering the motion for new trial.

In *Grabarnick v. Fla. Homeowners Assn. of North Broward, Inc.*, 419 So.2d 1065 (Fla. 1982), the Supreme court held that "entry of judgment" means recording not filing. See, also, *Casto v. Casto*, 404 So.2d 1046 (Fla. 1981). In the present case, the judgment was recorded

May 16, 1983, but the motion for new trial was not filed within ten days from the entry of the judgment.[1]

Less the matter of mailing and extension of time be raised, this issue was addressed in *Grabarnick* and disposed of as follows:

> Petitioners argue that because a final judgment is served upon the parties by mail, and because a corresponding motion for rehearing is also served by mail, that the party serving the motion for rehearing has an additional three days which to do so pursuant to rule 1.090(e). We do not read the rule to extend by three days the time within to serve a motion for rehearing. (By subsequent rule it is now five days.)

Having concluded that the trial court had no authority to consider and grant the motion for new trial, we reverse and remand with instructions to reinstate the final judgment. In light of this determination, we need not address the other issues raised by Appellant. IT IS SO ORDERED.

RIVKIND AND KAYE, CONCUR.

---

[1] Whether the rule should be filing (and not recording) is still a matter subject to some debate. Cf., Grabarnick v. Florida Homeowners Assn. of North Broward, Inc., supra, McDonald, J., dissenting; and, see, Dibble v. Dibble, 377 S.2d 1001 (Fla. 3rd DCA 1979). It is also interesting to note that the same result would attach under Fed. R.C.P. 59(b). Martin v. Wainwright, 469 F.2d 1072, 1073 (5th Cir. 1972). ("The provision of Rule 59(b) F.R.Civ.P., makes it clear that such a motion for new trial or for reconsideration must be filed within ten days of the court's judgment. The time requirement is jurisdictional; for the court lacks authority to rule upon a motion filed beyond the statutory period.")