SCHWARTZ, Chief Judge.
Because of the availability of a statutory remedy for the enforcement of a previous administrative order under section 120.69(l)(b)l, Florida Statutes (1995), the trial court properly declined to entertain the complaint as an application for mandamus, as it was titled. See Hatten v. State, 561 So.2d 562 (Fla.1990); Miami Heat Ltd. Partnership v. Leahy, 682 So.2d 198 (Fla. 3d DCA 1996). Nevertheless, it should have treated the pleading as brought under that section and proceeded accordingly. Applying the salutary, constitutional principle that errors in labeling or nomenclature may not affect substantial rights, Art. V, § 2(a), Fla. Const, (rules required to include provision that “no cause shall be dismissed because an improper remedy has been sought”); see Estate of Willis v. Gaffney, 677 So.2d 949 (Fla. 2d DCA 1996); Hall v. Ricardo, 331 So.2d 375 (Fla. 3d DCA 1976); Jones v. Denmark, 259 So.2d 198 (Fla. 3d DCA 1972); De Mendoza v. Board of County Comm’rs, 221 So.2d 797 (Fla. 3d DCA 1969); Sodikoffv. Allen Parker Co., 202 So.2d 4 (Fla. 3d DCA 1967), cert. denied, 210 So.2d 226 (Fla.1968), we reverse the final order under review and remand for reinstatement of the cause.