CITY OF MIAMI v. H. L. MINER.

169 So. 609.
En Banc.
Decision Filed June 19, 1936.
Rehearing Denied August 11, 1936.

*J. W. Watson, Jr., Mitchell D. Price* and *Charles W. Zaring,* and *Jack R. Kirchik,* for Plaintiff in Error;

*John M. Murrell,* for Defendant in Error.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be, and the same is hereby affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BUFORD and DAVIS, J. J., concur.

## ON PETITION FOR REHEARING.

PER CURIAM.—The petition for a rehearing in this case is denied because in affirming the judgment of the trial court against the City of Miami this Court considered that the acceptance by the plaintiff, Miner, of the check or draft for $4,000.00, issued by the Dade Motor Sales Com-

pany, a joint tort-feasor with the City of Miami and Ebersbach Construction Company, was not in fact a satisfaction and discharge of the tort alleged to have been committed . by the three tort-feasors, but was on the other hand the execution of an agreement between Miner and the Dade Motor Sales Company not to prosecute the latter on account of its liability to Miner because of the alleged joint tortious act of the three named defendants.

The case of Florida East Coast Ry. Co. v. Thompson, 93 Fla. 30, 111 South. Rep. 525, is not in point because in that case there were no joint tort-feasors and the defendant pleaded a release of the claim for damages alleged to have resulted from the tortious act of the Railroad Company which constituted the cause of action. The plaintiff replied that the release was obtained by fraud and this Court held the evidence to be insufficient to support the replication setting up fraud in the procurement of the release.

In the discussion of the case by Mr. Justice STRUM, who wrote the opinion, it was said:

"This Court is very reluctant to interfere with a verdict of the jury as to the facts. Its power to do so, as well as that of a trial court, should be exercised cautiously and with discrimination, and only after a careful consideration of all the evidence in its most favorable aspect to the party in whose favor the verdict was rendered. Yet, when the verdict is manifestly contrary to the evidence, or where the verdict is not supported by the evidence in the sense that there is legally not enough evidence to support the verdict under any reasonable view that may be taken of the evidence, or in the sense that the probative force of the evidence preponderates so strongly against the verdict as to afford just grounds to conclude that the jury acted upon considerations other than the evidence, or that the jury did not give due consideration to the probative force

of the evidence, then it is the imperative duty of this Court to set it aside and direct another trial."

That doctrine so announced in that case is particularly appropriate to the one at bar. The replication in the case at bar presented the issue that the receipt of the money from the Dade Motor Sales Company was not a discharge of the action based on the tortious conduct of the three defendants but merely in execution of an agreement with the Dade Motor Sales Company not to prosecute that Company in consideration of the payment by it of the sum stated in the replication. There was nothing in the evidence to show, nor in the pleadings to suggest, that in the payment of the money by the Dade Motor Sales Company it acted in any contractual relation with the other two joint tort-feasors, nor was their agent to procure a settlement and discharge of the claim for damages resulting in their joint tortious act.

Rehearing denied.

WHITFIELD, C. J., and ELLIS, BUFORD and DAVIS, J. J., concur.