**W. O. McALLISTER, by his Guardian, Lawrence McAllister, v. MIAMI DAILY NEWS, a Florida corporation.**

17 So. (2nd) 613
April 25, 1944

January Term, 1944
Division A

Perry A. Nichols, Herschel E. Smith, Goble D. Dean and James A. Dunn, for appellant.

Chappell & Brown and Evans, Mershon & Sawyer, for appellee.

CHAPMAN, J.:

W. O. McAllister, a pedestrian, on March 8, 1941, when attempting to cross Northwest 7th Avenue at or near its intersection with 34th Street in the City of Miami, was struck and permanently injured by an automobile operated by Theodore Frutkoff, an employee of the Miami Daily News. McAllister instituted suit in the Circuit Court of Dade County, Florida, for recovery of damages for his injuries against the Miami Daily News.

Plaintiff's declaration consists of six counts and legal liability for plaintiff's injuries against the Miami Daily News is charged on different theories: (1) that Theodore Frutkoff was the agent of the defendant at the time of the injury; (2) that Theodore Frutkoff was the servant and employee of the defendant at the time of the injury; (3) the relation of principal and agent existed between the Miami Daily News and Theodore Frutkoff at the time of the injury; (4) the relation of master and servant existed between the Miami Daily News and Theodore Frutkoff at the time of the injury; (5) Theodore Frutkoff was the servant of the Miami Daily News at the time of the injury; (6) Theodore Frutkoff was the agent of the Miami Daily News at the time of the injury.

Pleas of (1) not guilty; (2) contributory negligence; (3) denial of the relation of principal and agent; (4) denial of the relation of master and servant; (5) denial of the relation of servant and employee; (6) denial that Frutkoff was engaged in the business of the Miami Daily News or was acting in the scope of its employment at the time of the injury, were filed. Other pleas were filed to each of the six counts of the declaration. The issues made by the pleadings placed the burden of proof on the plaintiff to establish by a preponderance of the evidence the material allegations of each of the

six counts of the declaration and especially the allegations of relationship between Theodore Frutkoff and the Miami Daily News, as stated from (1) to (6), *supra*.

Plaintiff below, appellant here, submitted testimony in support of the allegations of the several counts of the declaration, and, after having concluded the taking of testimony and through counsel announced that he had no other evidence to offer, the Honorable Ross Williams, presiding Judge, directed the jury to find a verdict for the defendant because the evidence failed to establish that Frutkoff, at the time of the collision, was acting within the scope of his employment or was then pursuing his employment or doing anything to advance the interest of the Miami Daily News when plaintiff was injured, but the evidence established that Frutkoff at the time of the injury was operating his own automobile and engaged in a mission of his own and not that of the Miami Daily News. A judgment for the defendant was entered on the verdict and plaintiff appealed.

It is established law that a party moving for a directed verdict admits not only facts shown by the evidence but admits also every reasonable inference favorable to the adverse party that the jury might fairly and reasonably arrive at from the evidence, and if there is evidence which is conflicting or evidence tending to prove the issues, the case should be submitted to the jury, under appropriate instructions. See Hill v. Wilson, 148 Fla. 472, 4 So. (2nd) 712.

Likewise it is established law that where the manifest weight and probative force of the adduced evidence clearly requires a verdict for one party and the evidence is legally insufficient to support a verdict for the opposite party on the particular issue, it then becomes the duty of the trial court under the law to direct a verdict. See Okeechobee Company v. Norton, 149 Fla. 651, 6 So. (2nd) 632.

Some 200 pages of testimony in behalf of the plaintiff below appear in the transcript. We have carefully read and studied all the evidence in connection with the contention of counsel for appellant as reflected by his brief and as made during oral argument at the bar of this Court. We feel it to be unnecessary to give a synopsis or outline of the testi-

mony on the pivotal points here presented. It is our holding and conclusion that the ruling of the trial court in directing a verdict for the defendant is free from error.

The judgment of the lower court is hereby affirmed.

It is so ordered.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.