SHANNON, Judge.
This appeal is from a directed verdict for the defendant at the close of plaintiff’s evidence. It was an action for damages from the alleged negligence of the operator of a motorcycle striking a pedestrian, who was attempting to cross the highway. There was an answer denying negligence and setting up contributory negligence.
The facts, as put into the record on behalf of the plaintiff, showed that the pedestrian was walking across a street in the City of Clearwater in the daytime and that when he was struck, he was walking to the northeast and had gotten over the center-line to a point from one to three feet. According to his testimony, he had looked both to his right and left before he started to cross the street and could see no traffic. He didn’t look to his left or right again. The point where he attempted to cross the street was not at a crosswalk. The operator of defendant’s motorcycle, by his own admission, was at a distance of 30 to 64 feet when he saw the plaintiff and, by his own admission, he was proceeding east at 20 or 25 miles per hour. The defendant’s operator also stated that he first applied his brakes quite gently and then, within a distance of two or three feet, he hit his brakes hard and swerved to the left.
There were two witnesses, one of whom was Clifton and the other was Mitchell. The substance of Mitchell’s testimony was that the appellant started to cross the street by walking in front of a car, which was parked at the south side and that the impact took place two or three feet south of the centerline of the street. From Clifton’s testimony there were no cars parked on the south side of the street at all and immediately after he saw the plaintiff starting to cross the highway, he noticed that the motorcycle was a considerably further distance than 30 to 64 feet from the plaintiff. If we accept Clifton’s testimony, or even if we accept the testimony of the operator of the defendant’s motorcycle that he was 64 feet away from the plaintiff at the time he first saw him, there will be sufficient evidence to take this case to a jury. Regardless of all other testimony except the plaintiff’s, he was walking slowly and had proceeded some 21 feet when he was struck.
The trial judge found, as a matter of law, that the operator of the defendant’s motorcycle was guilty of no negligence.
The appellant urges that the Court erred in not submitting the case to the jury on the doctrine of last clear chance.
While the evidence on behalf of plaintiff is not strong, there is evidence from which a jury could find for the plaintiff.
In McAllister v. Miami Daily News, 1944, 154 Fla. 370, 17 So.2d 613, 614, it is stated:
*63 “It is established law that a party-moving' for a directed verdict admits not only facts shown by the evidence but admits also- every reasonable inference favorable to the adverse party that the jury might fairly and reasonably arrive at from the evidence, and if there is evidence which is conflicting or evidence tending to prove the issues, the case should be submitted to the jury, under appropriate instructions. See Hill v. Wilson, 148 Fla. 472, 4 So.2d 712.”
And, again in Cadore v. Karp, Fla.1957, 91 So.2d 806, 807, the Court, quoting from Moore v. Dietrich, 1938, 133 Fla. 809, 183 So. 2, said:
“* * * verdict for the defendant should never be directed by the court unless it is clear that there is no evidence whatever adduced that would in law support a verdict for the plaintiff. If the evidence is conflicting, or will admit of different reasonable inferences, and if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the court as a question of law. * * *”
In the present case taking the evidence and inferences most favorable to the plaintiff, we cannot say that the jury could not reasonably have found negligence.
The appellant argues that this case should have been given to the jury and that the court should have instructed them on the last clear chance doctrine. Having found that the plaintiff’s evidence is sufficient to make a jury issue, we do not pass on the question of whether or not the court should give the last clear chance instruction. As stated by Justice Thomas in Falnes by Skagseth v. Kaplan, Fla., 101 So.2d 377, 379:
“Although certain elements necessary to the applicability of the doctrine have been defined, our re-examination of decisions on the subject confirms the view that no definite rule can be stated with reference to factual situations in which the charge should or should not be given, but that each case must be its own criterion. And the decision, of course, is one initially to be made by the trial judge. * * *”
So, in this case, to hold at this time that the instruction should or should not be given, is premature.
Reversed.
KANNER, C. J, and ALLEN, J., concur.