CARROLL, DONALD K., Chief Judge.
The defendant has appealed from a final judgment entered against it by the Circuit Court for Duval County upon a jury verdict in an automobile accident case.
The crux of the appellant’s contention on this appeal is that the manifest weight and probative force of the evidence at the trial was such that the jury could not have lawfully found that the defendant was guilty of negligence, and that the plaintiff was not guilty of contributory negligence, proximately causing the plaintiff’s injuries.
The evidence adduced at the trial showed that immediately before the collision the plaintiff, Andrew A. Meyer, was driving his automobile northerly on Broad Street in the City of Jacksonville, and the defendant’s taxicab was travelling easterly on Union Street. At the intersection of these two streets the cars collided. The critical question at the trial on the issue of negligence is whether the traffic light at that intersection was green, amber, or red when Meyer entered the intersection. The sole evidence at the trial to the effect that the light was then green on Broad Street is the testimony of Meyer himself that the light was “full green” on Broad Street when he was about 25 feet from the intersection and that he looked to the left as he approached the intersection without seeing any oncoming vehicles and then glanced back at the light. All the other testimony at the trial was to the contrary. The defendant’s cab driver testified that when the cab was a half block away from the intersection the “green arrow” was on for Union Street traffic and that, when he reached the intersection, the light was “full green.” A city policeman, driving less than 150 feet behind the cab testified that “a matter of seconds” after the impact the light was full green for Union Street traffic. An employee of the city signal bureau testified that the cycle for the lights on Union Street at the intersection were green arrow for 10 seconds, full green for 17, amber for 3, and red for 30 seconds. He also testified that the bureau received a complaint soon after the accident that the traffic light at that intersection was malfunctioning, but there was no direct evidence of malfunctioning at the time of the *191 accident. Two disinterested witnesses, Mr. and Mrs. Ray Geisel, testified that they were travelling north behind the Meyer car on Broad Street and that Mr. Geisel said to his wife that Meyer was running a red light. Mr. Geisel also testified that Meyer never applied his brakes before the collision. Another disinterested witness, a pedestrian at a corner of the intersection, testified that the light for southbound traffic on Broad Street was red shortly — while he took two steps — before the accident.
Despite the above state of the evidence on this point, the jury brought in a verdict for the plaintiff, awarding damages in the amount of $11,000 against the defendant. The rule is thoroughly settled in Florida that in a negligence action the plaintiff cannot recover against a defendant, even though proved guilty of negligence proximately causing the plaintiff’s injuries, if the plaintiff is guilty of negligence proximately contributing to his injuries. The jury in the present case were properly charged concerning this rule, for the issues of negligence, contributory negligence, and proximate cause were raised by the pleadings to be tried at the trial. The jury’s verdict, therefore, can only be construed as a finding from the evidence that the defendant was guilty of negligence that proximately caused the plaintiff’s injuries and that the plaintiff was not guilty of negligence that proximately contributed to his injuries.
 It must be acknowledged that no rule is better established than that the weight of evidence is not to be determined by the number of witnesses and that the question of the credibility of witnesses is ordinarily determined by the jury or other triers of the facts. Nevertheless, though fully recognizing the fundamental importance of our court system of trial by jury, the courts necessarily have retained their power in the administration of justice to set aside jury verdicts under certain circumstances.
The best statement we have read delineating those circumstances is found in the case of City of Miami v. Miner, 124 Fla. 684, 169 So. 609 (1936), in which the Supreme Court of Florida quotes with approval the following from an earlier opinion of that court written by the late Justice Strum:
“ ’This court is very reluctant to interfere with a verdict of the jury as to the facts. Its power to do so, as well as that of a trial court, should be exercised cautiously and with discrimination, and only after a careful consideration of all the evidence in its most favorable aspect to the party in whose favor the verdict was rendered. Yet, when the verdict is manifestly contrary to the evidence, or where the verdict is not supported by the evidence in the sense that there is legally not enough evidence to support the verdict under any reasonable view that may be taken of the evidence, or in the sense that the probative force of the evidence preponderates so strongly against the verdict as to afford just grounds to conclude that the jury acted upon considerations other than the evidence, or that the jury did not give due consideration to the probative force of the evidence, then it is the imperative duty of this court to set it aside and direct another trial.’ ”
 It is our considered opinion that the probative force of the evidence discussed above preponderates so heavily against the verdict as to afford just grounds to conclude that the jury acted upon considerations other than the evidence. It, therefore, becomes our duty to set aside the verdict and direct another trial.
While it is usually impossible to establish with exactitude the considerations that may have misled a jury in any particular case, the probability occurs to us that the jury in the instant case may have been confused by the fact that this case was con *192 solidated for trial and tried with cases filed by two of the passengers in the taxicab against the cab company, its driver, and Meyer, as well as the counterclaim by the company against Meyer in his suit. Under the long-established rule in this state the cab company, as a common carrier, owed the highest degree of care to the passengers in the cab, but only ordinary care to other travellers, such as Meyer. The jury might have properly concluded from the evidence that the speed at which the cab was moving just before the accident was such that the company breached its duty to render the highest degree of care to the cab passengers. The trial court properly charged the jury that the company owed the highest degree of care to the passengers in their cases, and the jury might easily have mistakenly applied this duty in the present case.
The judgment appealed from is reversed, and the cause is remanded for a new trial.
STURGIS and WIGGINTON, JJ., concur.