250 So.2d 287 (1971)
Grace F. CLEMENTS, Appellant,
v.
David T. PLUMMER, D/B/a Dave Plummer Construction Company, and Glens Falls Insurance Company, a Florida Corporation, Appellees.
No. O-79.
District Court of Appeal of Florida, First District.
July 8, 1971.
William E. Scheu, Jr., of Ulmer, Murchison, Ashby & Ball, Jacksonville, for appellant.
Thomas K. McKee, Jr., Jacksonville, for appellees.
CARROLL, DONALD K., Judge.
The plaintiff in an action for damages has appealed from an adverse final judgment entered by the Circuit Court for Duval County, based upon a jury verdict, and from an order of that court denying the plaintiff's motion for a new trial and motion for judgment non obstante veredicto.
The basic question presented for our determination in this appeal is whether the said verdict and final judgment are contrary to the manifest weight of the evidence at the trial. The defendants-appellees did not file a brief in this appeal; nor were they represented at the oral argument, so we do not have the benefit of their views in our present consideration.
*288 In her complaint the plaintiff alleges that on or about May 19, 1969, she and the defendant, David T. Plummer, doing business as Dave Plummer Construction Company, entered into a contract under which Plummer was to remove the existing main body roof structure of the plaintiff's dwelling house in Neptune Beach, Duval County, Florida, and to construct a new second story upon the dwelling house in accordance with an agreed plan; that Plummer therein agreed to furnish all necessary labor and materials, agreed that all work was to be completed in a workmanlike manner according to standard practices, and agreed that all necessary precautions would be taken to prevent damages; that in the contract Plummer also agreed to construct a downstairs porch; that the plaintiff agreed to pay $11,000 for the work agreed to be done by Plummer; that Plummer has neglected and failed to comply with the terms of the contract in that he has failed properly to complete the construction on the plaintiff's dwelling house, and numerous defects and omissions in Plummer's work have been discovered by the plaintiff; that Plummer has been duly notified by the plaintiff of his failure to complete the construction or to remedy the said defects and omissions; that the defendant insurance company, the surety on Plummer's contractor's license bond, has failed to correct the said defects or to reimburse the plaintiff for Plummer's said failures. Wherefore, the plaintiff claims damages against the defendants.
The evidence at the trial established the making of the contract by the plaintiff and Plummer, as alleged in the complaint. Other evidence at the trial on the issue of Plummer's performance of the contract was as follows:
Extensive rain damage was done to the dwelling house during the construction.
Four expert witnesses, all with experience in the construction business, testified as to the improper construction work done by Plummer under the said contract, as to the improper installation of windows, an upstairs doorway, and a sloping floor slab, and testified that some of the construction violated the building code of the City of Neptune Beach. Other witnesses testified to the poor construction by Plummer. None of the foregoing testimony was ever contradicted, impeached, or refuted at the trial. Even Plummer, as a trial witness, testified that much of the construction work was not done in a workmanlike manner.
Nevertheless, despite the above evidence, the jury returned a verdict for the defendant Plummer as to the plaintiff's complaint and for the defendant Plummer on his counterclaim assessing his damages against the plaintiff in the amount of $2,767.47. The court then entered a final judgment, appealed from herein, based upon the said jury verdict. Shortly thereafter, the plaintiff filed her motion for a new trial and motion for judgment non obstante veredicto. One of the grounds of her motion for a new trial was that the verdict was contrary to the evidence, and one of the grounds for her motion for a judgment non obstante veredicto was that the verdict was "* * * contrary to the law and facts. * * *"
In view of the foregoing uncontradicted competent testimony at the trial that the defendant performed his work under the contract in an unworkmanlike manner, the verdict returned by the jury was patently contrary to the manifest weight of the evidence, as well as the justice of the cause. In this situation we must reverse the judgment appealed from herein in accordance with the following firmly established rule, as variously stated in the decisions of the appellate courts of Florida:
An appellate court cannot affirm a verdict where it has no rational predicate in the evidence. Food Fair Stores of Florida, Inc. v. Sommer, 111 So.2d 743 (Fla.App. 1959).
If a judgment is manifestly against the weight of the evidence or contrary to the legal effect of the evidence, the appellate *289 court has the duty to reverse the judgment. Howell v. Blackburn, 100 Fla. 114, 129 So. 341 (1930). This court held in New Deal Cab Co. v. Meyer, 139 So.2d 189 (Fla.App. 1962) that it is the duty of a reviewing court to set aside a verdict and direct a new trial where the probative force of the evidence preponderates so heavily against the verdict as to afford just ground for concluding that the jury acted upon considerations other than the evidence.
Applying these principles, we hold that the verdict in the case at bar is contrary to the evidence at the trial, as well as to the justice of the cause, so the judgment based on that verdict and the order appealed from must be, and they are, reversed; and the cause is remanded with directions for a new trial on all issues.
Reversed and remanded with directions.
SPECTOR, C.J., and WIGGINTON, J., concur.