330 So.2d 253 (1976)
Marie TARWACKI and Wallace Tarwacki, Her Husband, Appellants,
v.
ROYAL CROWN BOTTLING COMPANY OF TAMPA, INC., a Florida Corporation, et al., Appellees.
No. 74-1519.
District Court of Appeal of Florida, Second District.
April 9, 1976.
*254 Douglas Barfield of Maher & Overchuck, Orlando, for appellants.
James F. Manderscheid, St. Petersburg, for appellees.
BOARDMAN, Judge.
Appellants/plaintiffs, Marie Tarwacki and Wallace Tarwacki, timely appeal from the entry of a directed verdict in favor of the appellee, Pantry Pride (retailer), and a jury verdict entered in favor of the appellee, Royal Crown Bottling Company of Tampa, Inc. (manufacturer).
This products liability case was brought by appellants on the theories of negligence and breach of warranty. The appellants' primary complaints with the trial court are that after hearing the testimony presented in their case, the judge granted a motion for directed verdict in favor of the retailer, and refused to give a requested instruction submitted by appellants on the law of negligence in the case against the manufacturer. The trial judge in refusing to instruct the jury on negligence stated:
... I feel that product liability case negligence is one of the theories that is incapsulated and included within the instruction on implied warranty.
The facts are as follows:
The appellant, Marie Tarwacki, prior to the incident that occurred on December 9, 1972, and out of which this action arose, purchased a carton of Diet-Rite Cola from the retailer that had been bottled by the manufacturer. On said day, she opened a bottle from the carton of soft drinks in the kitchen of her home, put ice in a glass and went into the living room. She poured the soft drink into the glass and drank the contents without incident. However, when she attempted to pour a second glass of the soft drink she noticed that no liquid flowed from the bottle. Upon closer examination, a bug was discovered stuck in the neck of the bottle. She testified that she immediately became ill and nauseated and, as a result of this experience, sought medical consultation and treatment. According to her testimony, she remained sick for about two or three months. Counsel for the respective parties stipulated that the amount of her doctor's bill was $231. She also testified that she had an aversion to bugs and became ill at the sight of even a caricature of them on television. She was unable to determine if the bug was dead or alive when she first saw it.
We have carefully reviewed the record, briefs and oral arguments of counsel and conclude that the trial court properly instructed the jury as to the central issue that was to be considered by it. The instruction was as follows:
When this Diet-Rite cola was purchased there was an implied warranty that it *255 was reasonably fit for human consumption. Food is not reasonably fit for human consumption when it contains a foreign substance that is not material to the drinking content concerned and as you have gathered from the comments and presentation of counsel this is the central issue that you are to try.
This instruction was concise and succinct and it is clear to this court that the jury, by its verdict, found that the bug got into the bottle after it had been opened in appellants' home.
The testimony of a witness for the manufacturer was that if there were a foreign object, such as a bug, in the bottle it would have boiled over and would not have fizzed when it was opened. Marie Tarwacki testified that when she opened the bottle it did fizz. Counsel for appellees candidly admitted in his closing argument to the jury, and in his brief and oral argument before this court, that the bug was in the bottle. How, when and where the bug got into the bottle was the sole question for the jury.
The appellants raise three points for our consideration on this appeal. They contend in their first point that the trial judge erred in granting the motion for directed verdict in favor of the retailer and thereby denied the jury the opportunity to consider the cause against the retailer. This was error; but, for reasons hereinafter stated, we hold it to be harmless error. We are well aware that in products liability cases in our jurisdiction retailers may be held accountable.[1] We reiterate, in view of the jury's finding of fact, that it cannot be logically said that the retailer or manufacturer was liable to appellants, either under the theory of implied warranty or the theory of negligence, the bug not having been in the bottle at the time of the sale.
Appellants' second point concerns itself with the failure of the trial court to give the requested negligence instruction. The trial court's reason for refusing to grant that request was contrary to law for there is ample decisional law in our jurisdiction allowing one to sue on both theories of implied warranty and negligence.[2] We hold that the failure to give the negligence instruction under the circumstances of this case was harmless error. The central issue to be tried was squarely before the jury and was decided adversely to appellants. As stated above, the jury found that the bug entered the bottle after it was opened by appellant, Marie Tarwacki, and, therefore, *256 appellants are barred from recovering on any pleadable theory.
Finally, appellants contend in point three that the trial court erred in denying their motion for new trial. In the order denying said motion, the trial judge determined that the attorney for the manufacturer, in his summation to the jury, admitted responsibility "... for the placing of the bug in the bottle... ." We have very carefully read the complete record and cannot find a scintilla of evidence supporting that finding. With deference, we point out that if the trial judge was of that opinion, after both sides had rested their cases, he surely would have directed a verdict in favor of the appellants on liability. Moreover, his recollection at the time of denying the motion for new trial was obviously not his understanding at the time he instructed the jury, else the "central issue" in fact charged on would not have been as it indeed was.
AFFIRMED.
McNULTY, C.J., and HOBSON, J., concur.
NOTES
[1] In Sencer v. Carl's Markets, Inc., Fla. 1950, 45 So.2d 671, the Supreme Court of Florida held that the defendant/retailer was liable for injuries caused by unwholesome food found in a sealed can of sardines. In Sencer, supra, the late Justice Hobson, in his well-reasoned special concurring opinion, stated, in essence, that an innocent purchaser may have no recourse against a foreign manufacturer and that the burden of responsibility should be placed upon the retailer in his business transaction with both domestic and foreign manufacturers from whom it purchases. As far as we can determine this is still good law. The case has been interpreted as giving a retailer, found liable in such cases, the right of subrogation against the manufacturer. The supreme court, in a later case, Food Fair Stores of Florida, Inc. v. Macurda, Fla. 1957, 93 So.2d 860, citing Sencer, supra, with approval, held a retailer liable on the theory of breach of warranty in a case involving worms found in spinach cans.
[2] It is a well-accepted principle that a litigant is entitled to have the jury instructed on his theories of recovery when substantial competent evidence has been adduced to support the allegation of the complaint. The remedies of negligence and implied warranty are not considered to be mutually exclusive theories. See 63 Am.Jur.2d, Products Liability, § 2, page 10. Usually, one may recover, provided he adequately proves his case, under either or both of said theories. See Way v. Tampa Coca Cola Bottling Co., Fla. App.2d, 1972, 260 So.2d 288. In that case, which involved a foreign substance resembling a rat discovered in a soft drink bottle, this court, in the majority opinion written by then Judge Woodie Liles, held that the consumer was entitled to recover on the theories of negligence and of implied warranty against the manufacturer.