515 So.2d 324 (1987)
Ronald RYAN, Appellant,
v.
ATLANTIC FERTILIZER & CHEMICAL COMPANY, Appellee.
No. 86-1495.
District Court of Appeal of Florida, Third District.
November 10, 1987.
William Bruce Israel, Miami, for appellant.
Corlett, Killian, Hardeman, McIntosh & Levi and Leanne J. Frank and Robert A. Mercer, Miami, for appellee.
Before BARKDULL, HENDRY and BASKIN, JJ.
*325 HENDRY, Judge.
Ronald Ryan appeals from an order granting a new trial on all issues in the cause pending before the trial court on motions of Atlantic Fertilizer for new trial and for judgment in accordance with motions for directed verdict.
We affirm the order for new trial on all issues.
The action originated as a collection claim brought by Atlantic against Ryan for purchased nursery supplies. Ryan counterclaimed alleging negligence and breach of warranty of fitness for a particular purpose. Atlantic raised the defenses of Ryan's comparative negligence and that of conspicuous disclaimer of warranty and limitation of damages (later struck by the court). At the close of all the evidence on the main claim, Atlantic moved for a directed verdict which was denied. Although Atlantic had alleged as an affirmative defense that Ryan was comparatively negligent, during the charge conference the judge denied this defense and refused to instruct the jury on this issue. The case was submitted to the jury solely on the issues of the outstanding account of Atlantic and for the damages sustained by Ryan on his counterclaim for negligence and breach of warranty. The trial court refused Atlantic's request for a special verdict on the two counterclaim counts. The jury returned a verdict for Ryan on the claim of Atlantic, and for Ryan on his counterclaim, and awarded money damages in the amount of $125,000.
Final judgment for Ryan was entered; Atlantic filed motions for new trial and for judgment in accordance with the motions for directed verdict. The trial judge granted Atlantic's motion for new trial as to all issues on the ground that the court had erred in refusing Atlantic's requested jury instruction on comparative negligence. Ryan appealed from the order granting Atlantic a new trial; Atlantic cross-appealed the trial court's denial of its motions for directed verdict as to both the collection claim and the counterclaim.
After gaining several years experience in the business, Ryan leased property in Homestead and opened his own nursery. In June 1981 he began buying supplies from Atlantic Fertilizer, a retail distributor. Among the items purchased were 37 rolls of plastic ground covering for weed control and approximately 80 cubic yards of potting soil. With use, the soil and plastic covering developed problems. After verification of the products' condition, and following company policy regarding customer complaints, Atlantic issued a full credit to Ryan for the two items. Shortly thereafter, Ryan abandoned the nursery and sold his remaining lease options to a third party for $5,000.
From June 1981 to April 1982, Ryan had charged a total of $8,648 for supplies to his Atlantic account. Of this amount he paid $553.17 and received a credit of $2,643.52 for the soil and plastic, leaving a balance of $5,444.77 for which Atlantic sought reimbursement.
At trial, Ryan neither disputed any of the statements or invoices he signed for purchases of the various supplies, nor did he allege that any items other than the soil and plastic were defective. Atlantic's collection claim was proven by computer generated invoices, a method of billing confirmed and accepted by Ryan. Because the account claim evidence was uncontradicted, it was required to be believed and not disregarded. Clements v. Plummer, 250 So.2d 287 (Fla. 1st DCA 1971). When the manifest weight and probative force of the evidence clearly requires a verdict for one party and the evidence is legally insufficient to support a verdict for the opposing party on a particular issue, it is the trial court's duty to direct a verdict. McAllister v. Miami Daily News, 154 Fla. 370, 17 So.2d 613 (1944).
In an action predicated upon negligence, Ryan had to plead and prove by the greater weight of the evidence three elements: the existence of a duty on the part of Atlantic to protect Ryan from the injury or damage of which he complains; the failure of Atlantic to perform that duty; and an injury or damage to Ryan which was proximately caused by such failure. Welsh v. Metropolitan Dade County, 366 So.2d 518 (Fla. *326 3d DCA), cert. denied, 378 So.2d 347 (Fla. 1979).
It is uncontradicted that Atlantic neither manufactured nor prepared the potting soil or the plastic covering. Nor did Atlantic modify them in any way prior to their distribution to customers. The defects, if any, appeared only after Ryan had potted plants in the soil and settled the plastic covering over the ground. Atlantic could not have reasonably discovered, warned about, or ameliorated them. See generally Masker v. Smith, 405 So.2d 432 (Fla. 5th DCA 1981); Skinner v. Volkswagen of America, Inc., 350 So.2d 1122 (Fla. 3d DCA 1977). It is well settled law that a retailer can be liable in negligence in a products liability action only if the retailer can be charged with actual or implied knowledge of the defect. See Carter v. Hector Supply Co., 128 So.2d 390 (Fla. 1961). The record lacks evidence that Atlantic possessed either actual or implied knowledge of the alleged defects at time of sale.
Under the U.C.C. there are two distinct implied warranties, one of merchantability and the other of fitness for a particular purpose. Ryan counterclaimed against Atlantic based upon breach of an implied warranty of fitness for a particular purpose. Section 672.315, Florida Statutes, defines a warranty of fitness for a particular purpose:
Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified... an implied warranty that the goods shall be fit for such purpose. Section 672.315, Florida Statutes.
A "particular purpose" differs from the ordinary purpose for which the goods are used in that it envisages a specific used by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which the goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question. Comment 2, Section 672.2-315, Florida Statutes Annotated.
Ryan's testimony demonstrated that he was using the plastic and soil for their ordinary purposes and not for any purpose peculiar to Ryan's business. Thus, the element of "particularity" was not shown. Regarding the element of reliance, Ryan's witness, an Atlantic employee, testified that Ryan "always knew exactly what he wanted" and that she had never counseled him as to what product to choose. This was verified by Ryan who stated that no one at Atlantic had made any representations of fact as to the products involved but had merely engaged in sales "puffing."
At the close of Ryan's evidence on the counterclaim, Atlantic moved for a directed verdict urging that the only allegations by Ryan, negligence and breach of implied warranty of fitness for a particular purpose, had not been shown. The trial court reserved ruling on the motion for directed verdict at that time. The motion was renewed at the close of all the evidence and denied.
While Ryan may have had a viable claim for breach of implied warranty of merchantability, pursuant to section 672.314, Florida Statutes, he chose instead to sue on fitness for a particular purpose. Ryan's failure to prove the elected required elements made his selection of remedy critically distinguishable.
Unless a claimant proves what his actual damages are and that the damages were actually caused by the other party, there will be no recovery of damages from that party. All Florida Surety Co. v. Vann, 128 So.2d 768 (Fla. 3d DCA 1961). While precise and mathematical proof of dollar amounts of damages may not be required, the law establishes certain minimum requirements to prove damages in commercial cases. These legal requirements include: lost profits if the business is not completely destroyed, Aetna Life & Casualty Co. v. Little, 384 So.2d 213 (Fla. 4th DCA 1980); market value of the business completely destroyed or of property completely destroyed on date of destruction, Aetna Life & Casualty Co. v. Little, *327 384 So.2d at 216; Allstates Van Lines Corp. v. Lebenstein, 303 So.2d 33 (Fla. 3d DCA 1974); or, if property is not totally destroyed, either cost of repair or difference in value before and after the damage, Airtech Service, Inc. v. MacDonald Constr. Co., 150 So.2d 465 (Fla. 3d DCA 1963).
As to the damage issues, Ryan produced documentation of neither income nor expenses, (other than Atlantic invoices), for his business. Nor was evidence provided to indicate the value of the nursery as a going concern or, the fair market value of a nursery selling plants of the size and quality claimed by Ryan. While he alleged operation of a nursery of 20,000 plants, a state agricultural agent attested to inspections which consistently reflected far fewer numbers.
Ryan made no showing of an attempted mitigation of losses for he continued potting with Atlantic soil several weeks after an admitted awareness (within two or three days of first use) that the soil was "bad." Additional testimony of the agricultural agent indicated that Ryan had also neglected to follow the customary procedure of mixing perlite with the soil prior to potting plants, stating further that the problem could have been corrected within the first week. It was noted that the disintegrating plastic would not have affected the growth of the plants. Thus, sufficient indicia of Ryan's comparative negligence was provided to warrant an instruction on this issue in the court's charge to the jury. However, the case went to the jury solely on Atlantic's collection claim and on Ryan's counterclaim of damages for negligence and breach of warranty. The jury returned a verdict in favor of Ryan on both claim and counterclaim. After entry of final judgment, Atlantic moved for new trial and for judgment in accordance with its directed verdict motions. The court granted the motion for new trial "on all issues on the ground that the Court erred in refusing Atlantic's requested jury instruction on comparative negligence." Ryan appealed the new trial order and Atlantic cross-appealed the adverse rulings on its motions for directed verdict as to both the collection claim and the counterclaim.
A trial court's order granting a new trial will not be reversed unless some settled principle of law has been violated or plain abuse of discretion is shown, the presumption being that the new trial was properly granted. Russo v. Clark, 147 So.2d 1 (Fla. 1962). "Mere disagreement from an appellate prospective is insufficient as a matter of law to overturn a trial court on the need for a new trial." Castlewood International Corp. v. LaFleur, 322 So.2d 520, 522 (Fla. 1975).
In order to constitute an abuse of judicial discretion, the ruling must plainly appear to sufficiently effect injustice so as to constitute reversible error. Thus, the burden is on the appellant to clearly or plainly show that there was a gross or palpable abuse of discretion and that he suffered by it before an appellate court is justified in reversing. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Ryan has not met this burden.
It is a well-settled principle that a litigant is entitled to have the jury instructed on his theories of recovery or defense when substantial, competent evidence has been adduced to support the allegation. See e.g., Seaboard Coast Line R.R. v. Clark, 491 So.2d 1196 (Fla. 4th DCA 1986); Tarwacki v. Royal Crown Bottling Co. of Tampa, Inc., 330 So.2d 253 (Fla. 2d DCA 1976); Flowers v. Metropolitan Dade County, 314 So.2d 207 (Fla. 3d DCA 1975). Where the evidence is inconclusive or conflicting, failure of the trial judge to provide a charge that lays down standards for the jury to follow under varying permissible views of the evidence constitutes reversible error. Holley v. Kelley, 91 So.2d 862 (Fla. 1957). Here, where negligence was claimed, a jury instruction on comparative negligence, placed into issue by Atlantic's affirmative defenses to the counterclaim, clearly should have been given.
Additional error is found in the court's failure to allow a special verdict form which would have permitted the jury to assign percentages of fault, if any, to *328 each party. In all jury trials involving comparative negligence, a special verdict with an interrogatory on comparative negligence is mandatory. Lawrence v. Florida East Coast Ry., 346 So.2d 1012 (Fla. 1977). In Lawrence, the Florida Supreme Court stated that "We hold that special verdicts shall be required in all jury trials involving comparative negligence." 346 So.2d at 1017.
In addition to having been raised in the pleadings, there was sufficient evidence introduced at trial, through the testimony of the state agricultural agent and Ryan himself, to support a finding of comparative negligence on the part of Ryan. The absence of an instruction or a special verdict on comparative negligence deprived the jury of an opportunity to express a finding of fact on this issue.
Ryan's two-count counterclaim, breach of implied warranty of fitness for a particular purpose and negligence, substantiated Atlantic's request for a special verdict. It was error to refuse and to provide only a general verdict form. Where the court refuses a request for a special verdict and the evidence is insufficient on one theory of liability, a new trial is required. Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1978). In Colonial Stores, the court held:
Had petitioners in the instant case requested special verdicts and objected to submission of a general verdict form to the jury, it would have been necessary for the district court to determine the sufficiency of the evidence to sustain the false imprisonment count as well as the malicious prosecution count. If there was error as to either count, the district court should then remand the case for a new trial as to both counts.
355 So.2d at 1186.
We affirm the trial court's order for new trial. Because the claim evidence was uncontradicted, the jury was not at liberty to disregard its truth. Too, there was sufficient evidence presented to substantiate an affirmative defense of comparative negligence. The trial court erred both in striking the affirmative defense and in failing to instruct on the issue. Since Atlantic's proposed comparative negligence instruction was denied by the court at the same time that it struck this affirmative defense, an objection was unnecessary and the error was preserved for review. For these reasons, Atlantic's motions for directed verdict as to both the collection claim and the counterclaim should be examined with particularity upon remand.
Affirmed, and remanded for further proceedings.