FRANK, Chief, Judge.
Gregory Bolds, a passenger in a Yellow Cab, was injured when the cab was struck from the rear by a Pfizer Pharmaceuticals vehicle driven by Louis Johnson.' Bolds sued Pfizer, Johnson, the Yellow Cab Company of Tampa, its owner, Joseph Russo, and Gordon Miller, the cab’s driver. Pfizer settled the lawsuit on behalf of all defendants prior to trial and obtained a release from Bolds. Thereafter, Pfizer filed the instant action against Yellow Cab for contribution.
The record discloses the following: While driving Pfizer’s vehicle, Johnson collided with a Yellow Cab which was parked in the median waiting to enter the northbound stream of traffic. Ben Driscoll witnessed the collision and the preceding events from his vehicle. Driscoll testified that he and Johnson had stopped for a red light at an intersection approximately one-half block north of where the Yellow Cab was located. He noticed that the cab’s rear portion extended into the lane in which he and Johnson were moving. When the light signalled green, he and Johnson accelerated their vehicles in the direction of the Yellow Cab and each increased his speed in an attempt to pull away from adjacent traffic and pass to the right of the cab. Driscoll slowed his car when he saw Johnson driving toward the cab. He testified that the lane to Johnson’s right was clear and that Johnson could have safely passed the cab. *79 He, however, did not leave his lane and Dris-coll watched as Johnson skidded into the cab.
Based upon the evidence, Yellow Cab requested jury instructions, pursuant to Florida Standard Jury Instruction (Civil) 4.11, based upon violations of Florida Statute Sections 316.183(1), concerning unlawful speed, 316.183(4), pertaining to special hazards, and 316.1925(1), careless driving. Although the trial court refused to give the Yellow Cab instructions, it did give Pfizer’s instruction regarding the heightened standard of care of a common carrier.
Yellow Cab contends that the trial court erred in two significant respects: (1) that it should have instructed the jury concerning violations of the uniform traffic control law, and (2) that it should have refused to instruct on a common carrier’s heightened standard of care. We agree with the first contention and reject the second.
In Seaboard Coastline R. Co. v. Addison, 502 So.2d 1241 (Fla.1987), the supreme court held that violation of a traffic ordinance is evidence of negligence and a party is entitled to have the jury instructed upon its theory of the case when the evidence supports that theory. The failure to grant a requested instruction constitutes reversible error when that instruction is an accurate statement of the law, the evidence supports the instruction, and the instruction is necessary for the jury properly to resolve the case. Sotuyo v. Williams, 587 So.2d 612 (Fla. 1st DCA 1991) (citing L.K. v. Water’s Edge Assoc., 532 So.2d 1097 (Fla. 3d DCA 1988)).
In the present matter, it would have been reasonable for the jury to have found that Johnson’s speed constituted a violation of section 316.183(1). The evidence established that Johnson was exceeding the posted speed limit of forty five miles per hour. Pfizer’s own expert estimated Johnson’s speed prior to the collision to be “about 53 miles an hour.” Yellow Cab’s expert calculated that Johnson had been travelling approximately 57 miles per hour. The jury could also have found that Johnson’s failure to slow down or switch traffic lanes constituted a violation of section 316.183(4) or section 316.1925(1). Indeed, there was evidence, although controverted, indicating that Johnson had ample time to stop his vehicle or, at a minimum, to decrease his speed and maneuver around the cab. In sum, we are persuaded that the evidence warranted the requested instructions. The jury, however, was denied the opportunity to assess the legal effect of the statutory violations. Yellow Cab was entitled to have the jury charged consistent with the statutory-based instructions it requested. See Seaboard Coastline.
We cannot agree, however, with Yellow Cab’s contention that the instruction concerning a common carrier’s heightened duty to its passengers was improper. The evidence associated with the cab’s stationary location at the moment of the impact gave rise to a question of Yellow Cab’s proportionate liability for Bolds’ injuries. Accordingly, an instruction defining the standard of care that a common carrier owes its passengers was appropriate. See New Deal Cab Co. v. Meyer, 139 So.2d 189 (Fla. 1st DCA 1962).
Accordingly, we reverse the final judgment and remand for a new trial.
Reversed and remanded.
PATTERSON and FULMER, JJ., concur.