COPE, J.
(concurring).
I entirely agree with Judge Nesbitt’s opinion. I write separately to address a procedural point.
The trial court denied the request of the Department of Health and Rehabilitative Services for an interrogatory verdict, and submitted the case to the jury on a general verdict form.
On this appeal, the Department appears to take the position that where a trial court erroneously denies a request for an interrogatory verdict, it follows that the aggrieved party is entitled to an automatic reversal. The Department reasons that in the absence of an interrogatory verdict, the Department cannot address the claims of error with particularity. The law is otherwise.
The requirement for an interrogatory verdict is a means to an end, and not an end in itself. Even where the request for an interrogatory verdict has been wrongly denied, it nonetheless is incumbent on the appellant to show that there has been harmful error in the case (apart from the failure to grant the request for an interrogatory verdict).
In Ryan v. Atlantic Fertilizer & Chemical Co., 515 So.2d 324 (Fla. 3d DCA 1987), the trial court had denied a request for an interrogatory verdict. This court said:
Ryan’s two-count counterclaim, breach of implied warranty of fitness for a particular purpose and negligence, substantiated Atlantic’s request for a special verdict. It was error to refuse and to provide only a general verdict form. Where the court refuses a request for a special verdict and the evidence is insufficient on one theory of liability, a new trial is required. Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla.1978). In Colonial Stores, the court held:
Had petitioners in the instant case requested special verdicts and object *987 ed to submission of a general verdict form to the jury, it would have been necessary for the district court to determine the sufficiency of the evidence to sustain the false imprisonment count as well as the malicious prosecution count. If there was error as to either count, the district court should then remand the case for a new trial as to both counts.
515 So.2d at 328 (emphasis added; citation omitted); see also Barbour v. Brinker Florida, Inc., 801 So.2d 953, 959 (Fla. 5th DCA 2001). See generally Ryan Patrick Phair, Appellate Review of Multi-Claim General Verdicts: The Life and Premature Death of the Baldwin Principle, 4 J.App. Prac. & Process 89 (2002).
In the present case the Department has demonstrated harmful error as spelled out in the majority opinion, and for that reason we have ordered a new trial. But the failure to grant an interrogatory verdict is not a ground for a new trial unless there is a showing of harm.